765 F.2d 30
 11 Media L. Rep. 2287
 s.a.r.l. ORLIAC, Plaintiff-Appellee,
v.
Henri BERTHE, Cognacs & Brandies From France, Inc., Cie Des
Grands Vins Du Jura, Falcon Vintners Corp., and La
Maison Du Vigneron, Defendants-Appellants.
Henri BERTHE, Cognacs & Brandies From France, Inc., Cie Des
Grands Vins Du Jura, Falcon Vintners Corp., and La
Maison Du Vigneron,
Defendants-Counterclaim
Plaintiffs-Appellants,
v.
s.a.r.l. ORLIAC, Counterclaim-Defendant-Appellee.
 No. 1534, Docket 85-7144.
 United States Court of Appeals,
Second Circuit.
 Submitted June 19, 1985.
Decided June 28, 1985.
 
 Before PRATT, Circuit Judge.
 
 
 1
 The parties to this appeal have signed, submitted, and asked the court to "so order" a "Stipulation and Order Regarding Confidentiality". The papers were presented to me as the single judge assigned to determine such matters during the week of June 17, 1985. The proposed order reads:The parties hereto having requested that the Court issue an order regarding the confidentiality of materials produced in the cause of this appeal, and due deliberation having been had, it is hereby
 
 
 2
 ORDERED that the following procedures shall be followed as to the confidentiality of these matters in this case * * *.
 
 
 3
 It then sets forth procedures whereby any party may designate documents or parts of documents "submitted during the course of this appeal, to be confidential". Once so designated, this material is to be used solely for the purposes of this litigation, treated by all parties as confidential, disclosed only to designated persons, and returned to the producing party or destroyed at the close of this litigation. Finally, the proposed order provides that any papers submitted to the court that "annex, quote, or refer to the substance of Confidential Material shall be filed under seal", although the parties may apply to the court to remove the protected status of material designated as confidential.
 
 
 4
 Despite the wealth of detail the parties have provided as to the procedures by which they wish to restrict and to control access to papers filed on this appeal, they have failed to provide any information about the nature of the material they seek to protect from public view or why that information warrants protection. Apparently the parties have assumed that since they have stipulated to secrecy, the court would routinely ratify their desire without inquiry into its necessity. Their assumption is unwarranted.
 
 
 5
 I first note my reluctance at signing any order that provides I have given the matter "due deliberation", when the parties have given me no information upon which to deliberate. More fundamentally, I am loathe to sign such a broad order that apparently would not only allow the parties to keep any information they wish to present to this court hidden from the public eye, but would also determine the fate of that information after the appeal is concluded.
 
 
 6
 In the absence of any information as to the scope of or necessity for such an order, I deny the request, without prejudice, however, to a further application for a more limited order backed up by an appropriate demonstration of its necessity and scope.