**SHARJAH INVESTMENT COMPANY (UK) LTD., Sharjah Group Trust NV, Plaintiffs,**

v.

**P.C. TELEMART, INC., Prescott, Ball & Turben Inc., Julian I. Stoopler, Howard I. Morrison and Larry Stockett, Defendants.**

**No. 84 Civ. 6960.**

United States District Court,
S.D. New York.

Aug. 7, 1985.

Davis, Markel, Dwyer & Edwards, New York City (Steven M. Edwards and John Danforth, New York City, of counsel), for plaintiffs.

Gordon, Hurwitz, Butowsky, Weitzen, Shalov & Wein, New York City (Allan R. Freedman & June H. Brettler, New York City, of counsel) for defendant Prescott, Ball & Turben, Inc.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiffs Sharjah Investment Company and Sharjah Group Trust NV, ("Sharjah") seek relief from a stipulation entered into between Sharjah and defendant Prescott, Ball & Turben, Inc. ("Prescott") regarding disclosure of materials obtained during the course of discovery. Sharjah would like to disclose deposition transcripts to the Securities and Exchange Commission ("SEC"). The court finds that the stipulation does not preclude plaintiffs from disclosing discovery materials.

## DISCUSSION

In late February, 1985, Sharjah and Prescott submitted a stipulation to the court governing the use of materials obtained in the course of discovery. Pursuant to the stipulation, confidential discovery materials would be filed under seal. Although the agreement was captioned "Stipulation and Order," the court advised the parties that the agreement would not be signed by the court. Plaintiff now seeks to disclose deposition transcripts to the SEC which are apparently subject to the confidentiality agreement.

Plaintiff bases his request on Paragraph 7 of the stipulation which provides that: "Nothing contained herein shall be construed to preclude the parties from asking each other for permission to disclose documents or other information in a manner other than as contemplated by this Stipulation or from asking a court for such relief." The court, however, views this problem in a different light. Rather than deciding whether relief is appropriate pursuant to the stipulation, the issue is the effect to be given the agreement between the parties that has not been "So Ordered" by the court.

■ The stipulation affects one of the basic premises of discovery: that "discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1978) (per curiam), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979). Protective orders, which deny such public access, are issued only where good cause is shown. *United States v. International Business Machines Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975); Fed.R.Civ.P. 26(c); *see in re Halkin*, 598 F.2d 176, 191 (D.C.Cir.1979).

■ The enforcement of the stipulation would eliminate the requirement of demonstrating a compelling reason for denying public access. Such a practice cannot be accepted. Although accepting this stipulation would certainly reduce the court's burden in supervising discovery, it would be improper to grant a protective order without first determining there is good cause as required by Rule 26(c). Note, *Nonparty Access to Discovery Materials in the Federal Courts*, 94 Harv.L.Rev. 1085, 1089 (1981) [hereinafter cited as *Nonparty Access* ]. Further, this approach to stipulations of confidentiality is in accord with a recent ruling in the court of appeals. Judge Pratt, sitting as a single judge, was presented with a stipulation of confidentiality to be "So Ordered." Judge Pratt de-

clined to "So Order" the agreement because the parties did not indicate why the information warranted protection. *s.a.r.l. Orliac v. Berthe,* 765 F.2d 30 (2d Cir.1985).[1]

■ Even if the court had "So Ordered" the stipulation, the order could not withstand appellate scrutiny because of the failure to establish good cause. In *Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291 (2d Cir.1979), the court noted that the public interest in obtaining discovery materials would permit disclosure if the protective order had been improvidently granted by court. *Id.* at 296 n. 7. A bare stipulation that has been "So Ordered" does not form a sufficient record to uphold the protective order and could be considered to be improvidently granted because of the court's failure to find good cause. As one commentator has stated, "the court is not empowered to enforce confidentiality agreements that fail to meet the good cause standard of rule 26(c)." *Nonparty Access, supra,* at 1090.[2]

Although the portion of the stipulation prohibiting disclosure will not be enforced, paragraph 7 of the stipulation which provides that the parties are to inform each other regarding an intent to disclose documents will be given effect. This will "as-sure that the parties receive notice before dissemination. Of course, parties [are then] free to ask the court for an appropriate protective order." *Nonparty Access, supra,* at 1101; *accord s.a.r.l. Orliac v. Berthe, supra,* at 31 (request to "So Order" stipulation denied without prejudice "to a further application backed up by an appropriate demonstration of its necessity and scope").[3]

## CONCLUSION

The provision of the stipulation relating to the dissemination of discovery materials will not be enforced. The stipulation does not preclude plaintiffs from disclosing the deposition.

SO ORDERED.

1. Prescott relies on *GAF Corp. v. Eastman Kodak Co.,* 415 F.Supp. 129 (S.D.N.Y.1976) to support the enforcement of the stipulation. Although there are many similarities between *GAF* and this case, in light of Judge Pratt's decision noted above, the court will not follow *GAF.* Further, the decision in *GAF* has been criticized as being based on "the particularly dubious premise ... that discoverers may be deemed beyond the reach of second-degree discovery, absent a statute to the contrary, because of an implicit understanding that discovery materials not filed with the court would be used only for the immediate litigation." *Nonparty Access, supra,* at 1100. This court agrees. Disclosure, even without specific statutory authority, is in the public interest because it "often exposes the need for governmental action or correction." *Chicago Council of Lawyers v. Bauer,* 522 F.2d 242, 258 (7th Cir.1975), *cert. denied,* 427 U.S. 912, 96 S.Ct. 3201, 49 L.Ed.2d 1204 (1976).

2. There are situations where discovery materials may be protected from disclosure to the government. "The first arises when it appears that the private litigant is a 'stalking horse' for government prosecutors who are using the civil action to circumvent the discovery limitations of criminal procedure." *Nonparty Access, supra,* at 1102. The second is where disclosure of the materials might prejudice a defendant's right to a fair trial in a related criminal proceeding. *Id.* Neither situation is presented in this case.

3. Plaintiffs have indicated that the deposition has already been disclosed to the SEC by defendant Prescott. Plaintiffs have therefore sought sanctions against Prescott for responding to plaintiffs' motion in bad faith. Plaintiff has leave to seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Prescott has stated that under these circumstances the motion should be withdrawn or considered moot. Sharjah has not withdrawn the motion and the issues are certainly not moot. While the deposition has been turned over to the SEC, the problems presented by the deposition may recur during discovery, *see County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979), and the effect to be given the stipulation will have an impact on the future course of discovery.