**SHARJAH INVESTMENT COMPANY (UK) LTD. and Sharjah Group Trust NV, Plaintiffs,**

v.

**P.C. TELEMART, INC., Prescott, Ball & Turben, Inc., Julian I. Stoopler, Howard I. Morrison, Larry Stockett and Ruth-Anne Stockett, Defendants.**

No. 84 Civ. 6960 (DNE).

United States District Court, S.D. New York.

Oct. 25, 1985.

Davis, Markel, Dwyer & Edwards, New York City (Steven M. Edwards and John D. Danforth, of counsel), for plaintiffs.

Gordon, Hurwitz, Butowsky, Weitzen, Shalov & Wein, New York City (Allan R. Friedman, of counsel), for defendants Prescott, Ball & Turbin, Inc. and Julian Stoopler.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiffs Sharjah Investment Company (UK) and Sharjah Group Trust NV (collectively "Sharjah") have moved for sanctions against defendant Prescott, Ball & Turben, Inc. ("Prescott") pursuant to Rule 11 of the Federal Rules of Civil Procedure. ("Sanctions Motion"). The Sanctions Motion relates to plaintiffs' motion seeking relief from a stipulation of confidentiality ("Disclosure Motion"). Plaintiffs wanted to disclose the deposition of Richard K. Howe ("Howe Deposition") to the Securities and Exchange Commission ("SEC"). Plaintiffs' Sanctions Motion is hereby granted.

## BACKGROUND

Plaintiffs moved for relief from a stipulation of confidentiality to enable plaintiff to disclose the Howe deposition to the SEC. Defendant filed opposing papers on July 11, 1985, arguing that the stipulation should be strictly enforced and the confidentiality of the deposition maintained. Plaintiff filed a reply on July 17, 1985. On July 22, 1985, the court received a letter from plaintiffs' counsel stating that plaintiffs' counsel had been informed that Prescott's counsel had turned the Howe deposition over to the SEC on July 3, 1985. On July 24, 1985, Prescott's counsel responded to the July 22 letter admitting that the deposition had been delivered to the SEC and that under these circumstances the Disclosure Motion should be withdrawn by plaintiffs or considered moot by the court. On August 7, 1985 the court granted plaintiffs' Disclosure Motion. *Sharjah Investment Co. (UK) v. P.C. Telemart, Inc.*, 107 F.R.D. 81 (S.D.N.Y.1985) (Opinion and Order).

## DISCUSSION

■ Rule 11 states that "[t]he signature of an attorney ... constitutes a certificate by him that he has read the ... motion ...; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact ..." Fed. R.Civ.P. 11. *See generally* Schwartzer, *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 186 (1985) (analyses of Rule 11). The ruled codifies the doctrine that courts are permitted to award expenses, including attorneys' fees to a litigant whose opponent acts in bad faith. Fed.R.Civ.P. 11 advisory committee notes. A showing of subjective bad faith is not required, *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 253–54 (2d Cir.1985), and not even subjective good faith is enough to avoid sanctions if there is no objective basis for the motion, *see Wells v. Oppenheimer & Co.,* 101 F.R.D. 358, 359 (S.D.N.Y.1984). While Rule 11 is not intended "to stifle the enthusiasm or chill the creativity that is the

very lifeblood of the law," *Eastway Construction Corp.,* 762 F.2d at 254, the rule is intended to prevent the improper manipulation of the court system by litigants, *id.* A wide range of circumstances will trigger sanctions under the rule. *Marco Holding Co. v. Lear Siegler, Inc.,* 606 F.Supp. 204, 211 (N.D.Ill.1985).

■ In this case, Prescott's opposition to the Disclosure Motion did not indicate that the subject of the motion, the Howe Deposition, had already been released to the SEC. Opposing the motion and failing to disclose that Prescott, through their counsel, had already turned over the deposition is clearly a violation of the Rule 11 standard. In light of the relief sought, the information was clearly material.

Prescott opposes the imposition of sanctions on the ground that the relief sought by plaintiffs in their Disclosure Motion was broader than the mere disclosure of the Howe Deposition. The relief sought, according to Prescott, was total relief from the provisions of the Stipulation of Confidentiality.

Prescott emphasizes two points to support this contention. First, that plaintiffs did not withdraw the motion when they learned of the disclosure. Second is the court's ruling which addressed the validity of the entire stipulation of confidentiality, not only the disclosure of the Howe Deposition. Neither of these contentions is relevant to the decision to impose sanctions in this case. The simple truth remains that Prescott's counsel did not disclose that the Howe Deposition had been sent to the SEC even though such disclosure had been made *by Prescott's counsel* more than one week before the opposition to the motions was submitted.

■ With regard to plaintiffs' failure to withdraw the motion. Given the timing of response, the disclosure of the deposition and plaintiffs' eventual discovery, even had the motion been withdrawn on July 22, the date of plaintiffs' discovery, sanctions would still be appropriate because Prescott

had already omitted this material fact from their opposition papers.

 Prescott's second point is also flawed. That the court did not consider the Disclosure Motion moot and decided it in broad terms does not lessen Prescott's counsel's culpability. First, as just stated, Prescott's counsel had already submitted the offending pleading at the time the court was faced with the mootness issue.[1] Second, the court has some latitude in determining whether to address an issue or consider it as moot. *See* 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure (Civil) § 3533, at 211–12 (2d ed. 1984) (mootness decisions require a "highly individualistic, and usually intuitive, appraisal of the facts of each case"). In this case, the motion was fully submitted and it was desirable to resolve any uncertainty regarding the effect the court would give to the stipulation of confidentiality. *See id.* § 3533, at 212 ("Mootness issues may be shaped by the desire to decide, or to avoid deciding, difficult issues or matters that seem affected with a public interest."). Prescott's counsel cannot, in hindsight, rely on the court's treatment of the motion to escape sanctions.

To support the disclosure, Prescott's counsel also claims the disclosure was not a violation of the Stipulation of Confidentiality. Counsel further asserts that disclosure was necessary to counter statements made by plaintiffs to the SEC. Again, this lacks merit. The basis or motive for the disclosure is irrelevant. It is the failure to include this information in the motion papers that constitutes the breach of the obligations set forth in Rule 11.

Finally, it must be noted that Prescott's counsel did not attempt to bring the information regarding the disclosure to the court's attention. Information which they obviously were aware of given their role in the disclosure. It was only after plaintiffs informed the court and caught Prescott's counsel "red handed" that defendant admitted that the Howe Deposition was sent to the SEC.[2] The court considers this to be an indication of Prescott's bad faith.[3]

In light of Prescott's counsel's failure to meet the standards set forth in Fed.R. Civ.P. 11, Prescott's counsel is sanctioned in the amount of the reasonable attorneys' fees as well as other costs incurred in making the Disclosure Motion as well as the reasonable attorneys' fees and costs incurred in preparing the Sanctions Motion. Plaintiffs are to submit affidavits detailing their costs and attorneys' fees within seven days.

## CONCLUSION

Plaintiffs' motion for sanctions is granted. Prescott's counsel is sanctioned in the amount of the reasonable attorneys' fees and costs incurred by plaintiff in preparing both the Disclosure Motion and Sanctions Motion. Plaintiffs are to submit affidavits supporting their fees and costs within seven days.

SO ORDERED.

---

**1.** It is interesting to note that Prescott did not raise the mootness issue until the disclosure of the deposition was revealed. The more appropriate time to raise this argument would have been in the opposition to the motion.

**2.** Prescott's opposition to the motion is, at best, after the fact rationalizations for its actions. One wonders why Prescott did not raise these points in their opposition to the Disclosure Motion.

**3.** The failure to disclose information clearly within counsel's knowledge is, in and of itself, sufficient to satisfy the objective bad faith standard. The timing of Prescott's counsel's admission merely reinforces this finding.