Christopher F. WEIGHT, et al., Plaintiffs,

v.

KAWASAKI HEAVY INDUSTRIES, LTD., et al., Defendants.

Civ. A. No. 84–0925–A.

United States District Court, E.D. Virginia, Alexandria Division.

Nov. 7, 1984.

Yvonne F. Weight, Bernard S. Cohen, Alexandria, Va., for plaintiffs.

George. F. Cronin, Jr., Fairfax, Va., Michael Esher Yaggy, Carl F. Ameringer,

Niles, Barton & Wilmer, Baltimore, Md., for defendants Kawasaki Motors Corp.

Joseph A. Shull, Arlington, Va., James K. Archibald, Lawrence H. Norton, Venable, Baetjer and Howard, Baltimore, Md., for defendant Kawasaki Heavy Industries, Ltd.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before this court on the plaintiffs' motion for remand and defendant Kawasaki Heavy Industries, Ltd.'s ("KHI") motion to dismiss for insufficiency of service of process. For reasons set forth below, the court denies plaintiffs' motion for remand and rules that KHI was properly served with process.

### I

#### Background

On August 2, 1984, plaintiff, Christopher F. Weight filed his motion for judgment in the Circuit Court for the City of Alexandria. The plaintiff alleges negligence and breach of warranty for injuries sustained in a motorcycle accident. The motorcycle was manufactured by defendant KHI and distributed by defendant Kawasaki Motors Corp., U.S.A. ("KMC").

Pursuant to Virginia Code § 8.01–329 (Repl. Vol. 1984), both defendants were served by the Secretary of the Commonwealth. Service was made on KMC on August 15, 1984, and KHI received suit papers on August 20, 1984. On September 10, 1984, both defendants filed a verified petition for removal.

### II

■ It is well established that "the burden of establishing removal jurisdiction rests upon the party seeking to invoke it." *Thompson v. Gillen,* 491 F.Supp. 24, 27 n. 4 (E.D.Va.1980). In examining whether jurisdiction exists, the entire record brought forward on removal should be examined. *Thompson,* 491 F.Supp. at 27 n. 4.

Plaintiffs argue that the petition for removal is defective as to KHI because the petition does not allege where KHI's principal office and business is located as is required under 28 U.S.C. § 1332(a)(1).

Under § 1332(a)(3), a federal district court has original jurisdiction in cases between "citizens of different States and in which the citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). Here, the removal petition and the record brought forward with it show (1) plaintiff is a citizen of Virginia, (2) defendant KMC is a citizen of Delaware and California, and (3) KHI, as an additional party, is a citizen of a foreign state (Japan).

■ An alien corporation is considered a citizen of the foreign state in which it was incorporated. *Barrow S.S. Co. v. Kane,* 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964 (1898); 13 Wright, Miller and Cooper, *Federal Practice and Procedure* § 3628 (1975). Thus, KHI is a citizen of Japan.

■ Since removal jurisdiction is based on 28 U.S.C. § 1332(a)(3), plaintiffs' argument that the removal petition is deficient because of a failure to allege KHI's principal place of business is meritless. The principal place of business of an alien corporation is irrelevant in determining diversity jurisdiction. *See Roby v. General Tire & Rubber Co.,* 500 F.Supp. 480 (D.Md. 1980); *Eisenberg v. Commercial Union Assurance Co.,* 189 F.Supp. 500 (D.N.Y. 1960); 13 Wright, Miller and Cooper, *Federal Practice and Procedure* § 3628 (1975).

■ Therefore, the court concludes that KHI has properly removed its case.

### III

■ Plaintiffs argue that defendants have failed to remove in a timely fashion. Plaintiffs contend that the time for removal commences from the date of service on the Secretary of the Commonwealth. However, 28 U.S.C. § 1446(b) makes the date of "receipt" the applicable point in time for the beginning of the thirty day time period for removal. It is well settled that the time for seeking removal commences only

when the defendant or an agent in fact receives the process. Wright, Miller and Cooper summarize the current state of the law when they state:

> "Accordingly, it is now settled law that the time for seeking removal begins to run only when the defendant or an agent in fact receives the process. Technicalities of state law as to completion of service of process are ignored, just as state law generally is disregarded when removal is considered. This approach is both practical and desirable and perfectly consistent with the purposes and language of the federal removal statute.

14 Wright, Miller and Cooper, *Federal Practice and Procedure* § 3732, p. 723 [footnotes omitted]. *See also, Mahony v. Witt Ice and Gas Company*, 131 F.Supp. 564 (W.D.Mo.1955); *Benson v. Bradley*, 223 F.Supp. 669 (D.Minn.1963); *Tyler v. Prudential Insurance Co. of America*, 524 F.Supp. 1211 (W.D.Pa.1981).

█ The case law clearly establishes the rule that the thirty-day removal period of § 1446(b) does not begin to run until a defendant actually receives the summons and complaint. In the case at bar, KMC received suit papers on August 15, 1984. KHI received suit papers on August 20, 1984. The verified petition for removal was filed September 10, 1984. Both defendants exercised their right to remove well within the thirty-day period. Therefore, the plaintiffs' motion for remand is denied.

## IV

KHI argues that service was ineffective because it failed to conform to the requirements of the Hague Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (20 U.S.T. 361, T.I.A.S. 6638) (the "Convention"). KHI argues that plaintiffs' service of process on KHI in Japan by registered mail, pursuant to Virginia Code Section 8.01–329, ignores the treaty re-

quirement that service be made on the Japanese "Central Authority" pursuant to Article 5 of the Convention. Secondly, KHI maintains that plaintiffs' service of process failed to include a Japanese translation in compliance with the Convention.

█ Article 10 of the Convention states:

> Provided the State of destination does not object, the present Convention shall not interfere with—
>
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials, or other competent persons of the State of destination;
>
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

KHI concedes that Japan has not objected to Article 10(a), while it specifically objected to Articles 10(b) and (c) of the Convention. Indeed, because the Convention has the status of a self-executing treaty, and thus, it constitutes the Supreme law of the land under Article VI of the United States Constitution, Article 10(a) takes precedence over state law. *Vorhees v. Fischer & Krecke*, 697 F.2d 574 (4th Cir.1983).

█ According to the Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1983) [1] ("Handbook"), "Japan has not declared that it objects to service through postal channels." Handbook, at 112. Accordingly, under Article 10(a), service on KHI, a Japanese corporation, was effective by the direct mail procedure pursuant to

---

1. The Handbook's publisher; the Hague Conference on Private International Law, specifically noted that the Handbook was a product of

"close co-operation" between the signatory States and its organization. Handbook, at V.

Virginia Code Section 8.01–329. *See e.g., Shoei Kako Co. v. Superior Court,* 33 Cal.App.3d 808, 109 Cal.Rptr. 402 (1973) (service by registered mail on a Japanese defendant valid under Article 10(a) of the Convention).

■ On the issue of a Japanese translation, this court finds KHI's position to be without merit. A Japanese translation is required only when service of process is. transmitted through the "Central Authority" pursuant to Article 5 of the Convention. *See* Article 5 of the Convention. However, Article 10(a) of the Convention contains no such requirement for direct postal service. *See generally Shoei Kako Co. v. Superior Court,* 33 Cal.App.3d 808, 109 Cal.Rptr. 402 (1973).

### V

For the above reasons, the court denies plaintiffs' motion for remand and defendant KHI's motion to dismiss for lack of proper service. The parties may undertake discovery on the question of KHI's contacts with Virginia to determine whether this court has jurisdiction.

An appropriate order shall issue.