Robert PROST, Plaintiff,

v.

HONDA MOTOR CO., LTD., American Honda Motor Co., Inc., and Honda Research & Development Co., Ltd., Defendants.

No. 86–2289C(A).

United States District Court,
E.D. Missouri, E.D.

Oct. 21, 1987.

Walter L. Floyd, St. Louis, Mo., for plaintiff.

G. Keith Phoenix, Howard Becker, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on the separate motions to dismiss of defendants, Honda Research and Development Co., Ltd. (hereinafter Honda R & D), and Honda Motor Co., Ltd. (hereinafter Honda).

Plaintiff, Robert Prost, brought a products liability action against the above defendants, and defendant, American Honda Motor Co., Inc. The Court's jurisdiction over the complaint is based on diversity jurisdiction as Prost is a Missouri citizen and defendants are corporations which are neither incorporated in Missouri nor do they have their principal places of business in Missouri,[1] and the amount in controversy exceeds $10,000.00, exclusive of interest and costs. Venue is proper in the Eastern District of Missouri as the cause of action arose here.

■ Turning first to the motion of Honda R & D, it is obvious that it must be dismissed from the lawsuit. There are simply no contacts sufficient to bring this defendant into the lawsuit without violating due process. As the affidavit of Isao Suzuki, the General Manager of Honda R & D, states, Honda R & D is a Japanese

---

1. Prost neglected to plead the place of incorporation and the principal place of business for Honda R & D. However, Honda R & D, in its affidavit, avers facts which allow this Court to conclude that diversity jurisdiction is proper. Whether the affidavit is enough to prevent dismissal for lack of subject matter jurisdiction is irrelevant to this case. Considering the holding of this Court that Honda R & D should be dismissed, complete diversity has now been pleaded by plaintiff.

corporation, separate and distinct from the other defendants. It has never applied for or in any way sought or received authorization to do business in Missouri, nor has it manufactured any product that has entered Missouri. It has never solicited business here. Prost does not dispute any of this.

Rather than engage in an extended opinion, the Court refers the parties to the excellent opinion of Judge Snyder of the Missouri Court of Appeals, Eastern District, in *State ex rel. Honda Research and Development Co., Ltd. v. Adolf,* 718 S.W. 2d 550 (Mo.App.1986). This Court is also mindful of Judge Carl Gaertner's concurring opinion and it will not hesitate to take proper action if it believes this motion to dismiss is, in reality, a ploy to frustrate discovery.

Next is the motion to dismiss submitted by defendant Honda. Honda argues that Prost, in attempting to serve process upon Honda by registered mail, failed to comply with the terms of the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 (1969)[2] (hereinafter the Hague Convention).

It is undisputed that the Hague Convention governs service of process over defendant Honda here. *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 288–289 (3rd Cir.1981). Japan, as a signatory to the Hague Convention, has agreed to allow service of process via the different methods authorized in the treaty. According to Article 2 of the Hague Convention, each country shall designate a Central Authority which will undertake to receive requests for service. Hague Convention, *supra,* at 104. For Japan, this is the Ministry of Foreign Affairs. *Id.* at 113. Articles 3 through 6 discuss the procedure for using the Central Authority. *Id.* at 104–105. Additionally, Article 8 allows service by way of diplomatic channels, *Id.* at 105; Article 9 allows the forwarding of documents for the purpose of service through other designated authorities, *Id.;* and Article 19 allows service by any method of service

permitted by the internal law of the country in which service is made. *Id.* at 107. *See Kadota v. Hosogai,* 125 Ariz. 131, 608 P.2d 68, 72 (App.1980).

The crucial article for this discussion is Article 10. Japan has objected to Articles 10(b) and 10(c). Hague Convention, *supra,* at 114. The remainder of Article 10 states:

"Provided the State of destination does not object, the present Convention shall not not interfere with—

"(a) the freedom to send judicial documents, by postal channels, directly to persons abroad."

*Id.* at 105.

Some federal courts have held this to allow service of process by registered mail. *See Weight v. Kawasaki Heavy Industries, Ltd.,* 597 F.Supp. 1082, 1085–86 (E.D.Va. 1984); *Chrysler Corp. v. General Motors Corp.,* 589 F.Supp. 1182, 1206 (D.D.C.1984). The *Weight* court found persuasive a handbook published by the Hague Conference on Private International Law, which stated that Japan had not declared its objection to service through postal channels. *Weight, supra,* at 1085.

■ More recent opinions believe that service by registered mail is improper. In *Mommsen v. Toro Co.,* 108 F.R.D. 444 (S.D.Iowa 1985), the Court noted that Article 10(a) "does not expressly allow 'service' of judicial process by postal channels * * *, [but] it merely permits one to 'send' judicial documents by mail." *Id.* at 446. The *Mommsen* court's analysis concluded:

"The Hague Convention repeatedly refers to 'service' of documents, and if the drafters of the Convention had meant for subparagraph (a) of Article 10 to provide an additional manner of service of judicial documents, they would have used the word 'service.' To hold that subparagraph (a) permits direct mail service of process, would go beyond the plain meaning of process at odds with the other methods of service permitted by the Convention."

*Id.* This view was endorsed by the court in *Pochop v. Toyota Motor Co., Ltd.,* 111

**2.** The Hague Convention has been reprinted in 28 U.S.C.A. Fed.R.Civ.P. 4, app. 104 (1987 Supp.). All further citations from the Hague Convention will be from the 28 U.S.C.A. reprinting.

F.R.D. 464, 466 (S.D.Miss.1986). This Court agrees.

In *Vorhees v. Fischer & Krecke,* 697 F.2d 574, 576 (4th Cir.1983), the court said: "Without reaching the question of the consequences of failure to conform to the treaty, we find that the action should not have been dismissed until the plaintiffs were given a reasonable opportunity to attempt to effect valid service of process on the defendant in a manner complying with the Hague Convention."

This Court agrees. *See also Pochop, supra,* at 467 (no dismissal and plaintiff given 45 days to serve process); *Mommsen, supra,* at 446 (four months.)

Accordingly, the motion of defendant, Honda R & D, to dismiss is SUSTAINED and the motion of defendant Honda to dismiss is DENIED. Plaintiff is given ninety days within which to serve defendant Honda in accordance with the methods authorized by the Hague Convention. If such service is not obtained, plaintiff's action against Honda will be dismissed without prejudice for lack of service.