Morton TURICK, by his father and natural guardian, Louis TURICK, and Louis Turick, individually, Plaintiffs,

v.

YAMAHA MOTOR CORPORATION, USA, and Yamaha Motor Company, Ltd., Defendants.

No. 86 Civ. 6634 (DNE).

United States District Court, S.D. New York.

July 8, 1988.

David Jaroslawicz, New York City, for plaintiffs.

Wilson, Elser, Moskowitz, Edelman & Dicker (Robert W. Littleton, New York City, of counsel) for defendants.

## OPINION AND ORDER

EDELSTEIN, District Judge:

### BACKGROUND

Plaintiff Louis Turick, individually, and on behalf of his infant son Morton Turick, brings a products liability action against defendants Yamaha Motor Corporation Co., Ltd. ("YMC") and its subsidiary Yamaha Motor Corporation, U.S.A. ("YMUS"). YMC is a Japanese Corporation with its principal place of business in Japan. YMUS is a California corporation with its principal place of business in the state of California. Subject matter jurisdiction over the action is based on diversity, as Turick is a citizen of New York, and defendants are corporations neither incorporated in New York, nor having their principal places of business in New York. *See* 28 U.S.C. § 1332. The amount in controversy exceeds $10,000 and venue is properly placed in the Southern District, where the plaintiffs reside and the cause of action arose.

The plaintiffs allege that due to the defendants' product, an all-terrain vehicle ("ATV"), Morton Turick suffered severe and permanent injuries that required medical care. As a result Morton Turick was unable to attend to his usual duties and vocation. The plaintiffs further allege psychological injuries, emotional distress, and cosmetic deformity.

The defendants have brought three motions before this court. Defendant, YMC,

has moved this court to dismiss the complaint on the grounds of insufficiency of service of process, *see* Fed.R.Civ.P. 12(b)(4). Defendant, YMUS, has moved this court (1) to grant a protective order, *see* Fed.R. Civ.P. 26(d), and (2) to compel discovery, *see* Fed.R.Civ.P. 37.

## I. THE MOTION TO DISMISS

Plaintiffs attempted to serve YMC, a Japanese corporation, by sending a copy of the summons and complaint to YMUS in California. The notice, required by Federal Rule of Civil Procedure 4, was addressed to Yamaha Motor Co., Ltd., Iwata, Japan.[1] YMC claims that this was insufficient service of process to satisfy to the requirements of due process.

The defendants allege that YMUS is not an agent for service on YMC, and further that the rules governing method of service on foreign citizens, as set forth in the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters ("Hague Convention"), were not followed.

### A. *Agency*

■ Although defendants concede YMUS is a subsidiary of YMC, a parent-subsidiary relationship does not necessarily establish an agency for the purpose of receiving process. *See Lamb v. Volkswagenwerk Aktiengesellschaft,* 104 F.R.D. 95, 98 (S.D.Fla.1985) (quoting *Jones v. VWOA,* 82 F.R.D. 334, 335 (E.D.Tenn.1978)); *see also Heise v. Olympus Optical Co., Ltd.,* 111 F.R.D. 1, 6 (N.D.Ind.1986). Further, once the validity of service has been contested, the plaintiffs have the burden of proving proper service, and "as such, plaintiffs must establish the agency of the person or entity receiving process." *Lamb, supra,* 104 F.R.D. at 98 (quoting *Richardson v. Volkswagenwerk, A.G. v. Stephenson,* 552 F.Supp. 73 (W.D.Mo.1982)).

---

**1.** The actual method of service in this case is somewhat unclear. Although the plaintiff intimates in his memorandum in opposition to the motion to dismiss that notice was sent by registered mail to YMC, it appears from the affidavits of both parties that notice was mailed only to YMUS.

**34**

*Lamb* involved a suit against Volkswagenwerk Aktiengesellschaft ("VWAG"), a German company, and its subsidiary Volkswagen of America, Inc. ("VWOA"). In response to defendant's motion to dismiss for lack of sufficient service of process, the plaintiffs produced "voluminous documents and overwhelming evidence bearing on the degree of control that VWAG exercise[d] over VWOA.... [T]hey established that VWAG exercised the degree of control necessary to uphold service upon VWOA as an agent of VWAG." *Lamb, supra,* 104 F.R.D. at 99. Conversely, in three prior actions involving the same defendants, VWOA and VWAG, "plaintiffs [had] failed to present evidence to counter the affidavit submitted by the defendant in support of the contention that VWOA and VWAG were separate corporations...." *Id.* (citing *Ex Parte Volkswagenwerk Aktiengesellschaft,* 443 So.2d 880, 884–85 (Ala.1983)). Therefore, in the prior actions, VWOA was not found to be an agent of VWAG.

In the present case, the plaintiffs' attempt to meet their burden of establishing an agency relationship between YMC and YMUS consists of a conclusory statement, which is unsupported. Plaintiffs have failed to meet their burden establishing an agency relationship for purposes of receiving process. Hence, service on YMC, a foreign corporation, is governed by the Hague Convention.

**B.** *Hague Convention*

■ Article 10 of the treaty drafted at the Hague Convention reads as follows:

Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents ... directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through judicial officers, officials or other competent persons of the State of destination.

20 U.S.T. 361, T.I.A.S. No. 6638 *reprinted in* 28 U.S.C.A. Fed.R.Civ.P. 4 (West Supp. 1988) at 123. The government of Japan has specifically objected to Article 10(b) and (c), but has not objected to Article 10(a). Hague Convention, 28 U.S.C.A. Fed. R.Civ.P. 4 (West Supp.1988), at 131 n. 5. The plaintiffs therefore contend that service of process on a foreign citizen in Japan by registered mail is proper under the Hague Convention.

In *Ackerman v. Levine,* the Second Circuit held that service of process by registered mail remains an appropriate method of service under the convention in signatory countries who have not objected to the use of "postal channels" under Article 10(a).[2] *Ackerman v. Levine, supra,* 788 F.2d 830, 839 (2d Cir.1986); *see also Lemme v. Wine of Japan Import, Inc.,* 631 F.Supp. 456, 463 (E.D.N.Y.1986). "The reference to 'the freedom to send judicial documents by postal channels, directly to persons abroad' would be superfluous unless it was related to the sending of such documents for the purpose of service." *Ackerman, supra,* 788 F.2d at 839 (citing *Shoei Kako v. Superior Court,* 33 Cal. App.3d 808, 821–22, 109 Cal.Rptr. 402, 411–12 (1973)). Thus the law of this Circuit is

---

**2.** Courts have not all been in agreement as to whether "freedom to send judicial documents, by postal channels, directly to persons abroad" authorizes service of a summons and complaint by mail. Some district courts have held that the word "send" in Article 10(a) does not encompass service of process. *See Robert Prost v. Honda Motor Co.,* 122 F.R.D. 215 (E.D.Mo.1987);

*Mommsen v. Toro Co.,* 108 F.R.D. 444, 446 (S.D.Iowa 1985); *Pochop v. Toyota Motor Co., Ltd.,* 111 F.R.D. 464, 466 (S.D.Miss.1986). Many other courts have disagreed. *See Sieger v. Zisman,* 106 F.R.D. 194 (N.D.Ill.1985); *Weight v. Kawasaki Heavy Industries,* 597 F.Supp. 1082, 1085–86 (E.D.Va.1984); *Chrysler v. General Motors,* 589 F.Supp. 1182 (D.D.C.1984).

clear that the term "send" encompasses service of process.

Nevertheless, the plaintiffs mailed YMC's copy of the summons and complaint to YMUS, which was not its agent for the purposes of receiving process. Thus, plaintiffs made no attempt to serve YMC according to the Hague Convention, even under its most expansive interpretation which allows service through registered mail.

Accordingly, the motion to dismiss the complaint against YMC, the Japanese defendant, is granted.

## II. MOTION FOR A PROTECTIVE ORDER

■ The defendant, YMUS, has made a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to limit the dissemination of Yamaha's purported trade secrets and other confidential research, development and commercial information that may be produced in this litigation. Defendant specifically refers to plaintiffs' request for production of all communications to or from the Consumer Products Safety Commission ("CPSC"). YMUS alleges that much of this communication consists of trade secret and proprietary information.

Purported trade secrets and other confidential commercial information enjoy no automatic protection from disclosure. *United States v. International Business Machines Corp.*, 67 F.R.D. 40, 42 n. 1 (1975) (citing, *Natta v. Zletz*, 405 F.2d 99 (7th Cir.1968), cert. denied, 395 U.S. 909, 89 S.Ct. 1753, 23 L.Ed.2d 223 (1969)). In order to show that certain designated information should be protected under Rule 26(c) this court requires the party seeking such a protective order to show: (1) that the information rises to the level of a trade secret, *United States v. IBM, supra*, 67 F.R.D. at 46; and (2) that there is good cause to protect the information, Fed.R.Civ.P. 26(c).

To determine whether the information a party seeks to protect rises to the level of trade secret this court has adopted the following factors set forth in Section 757 of the Restatement of Torts:

(1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*United States v. IBM, supra*, 67 F.R.D. at 47 (quoting Restatement of Torts § 757).

■ The requirement of good cause is based upon one of the fundamental premises of discovery: Discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings. *Sharjah Inv. Co. (UK) Ltd. v. P.C. Telemart, Inc.*, 107 F.R.D. 81, 82 (1985) (quoting *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1978) (per curiam), cert. denied, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979)). In this court, to show good cause a party must "demonstrate that disclosure of allegedly confidential information will work a *clearly defined and very serious injury* to his business." *United States v. IBM, supra*, 67 F.R.D. at 46. [Emphasis in original].

■ In the instant case, YMUS has merely made conclusory allegations, in an attorney's affidavit, that disclosure of "highly sensitive trade secret materials relevant to Yamaha's design processes, sales records, marketing plans and test protocols and results" would hurt Yamaha's competitive position in the ATV market. Defendant YMUS has not made the requisite showing that this information rises to the level of trade secret or that there is good cause for a protective order pursuant to F.R.Civ.P. 26(c).

Because defendant has failed to establish trade secrecy or to show good cause, Yamaha's request for a protective order is denied. *See* Fed.R.Civ.P. 26(c).

## III. THE MOTION TO COMPEL DISCOVERY

### A. *Interrogatories*

■ The defendant, YMUS, has made a motion to compel plaintiffs to respond to

defendant's interrogatories and demand for copies of plaintiffs' medical reports, and to provide the defendant with medical authorizations.

Rule 33(a) of the Federal Rules of Civil Procedure requires "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within thirty days after the service of the interrogatories." Fed.R. Civ.P. 33(a). Local Rule 46(d) requires that "No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory." Local Rule 46(e)(1) requires that objections made under Federal Rule of Civil Procedure 34 specifically all grounds. Local Rule 46(e)(1) further provides that any ground not timely stated in an objection is waived.

On September 15, 1986, the plaintiffs were served with interrogatories and a demand for copies of medical reports and authorizations. The plaintiffs claim that the interrogatories are objectionable under Local Rule 46 of the Southern District of New York. However, to date the plaintiffs have neither answered any of the interrogatories, including the ones asking for plaintiffs' names and addresses, nor have they stated specific objections to any of the interrogatories propounded.

A failure to answer interrogatories may not be excused on the ground that the questions are objectionable unless the answering party timely files his objection under the rules. *Spilotro v. United States,* 478 F.2d 1406 (7th Cir.1973). Since plaintiffs have failed either to answer the interrogatories or state objections to them, this court finds any objections the plaintiffs may have had are waived. Defendant's motion to compel plaintiffs to respond to the defendant's interrogatories is therefore granted.

▮ Federal Rule of Civil Procedure 37(a)(4) provides that if a motion compelling discovery is granted "the court shall ... require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable able expenses incurred in obtaining the order...." Accordingly, this court grants to the defendant reasonable attorney's fees in connection with the motion to compel plaintiffs' answers to interrogatories. These costs are to be borne by plaintiffs' counsel.

B. *Medical Reports and Authorizations*

▮ Defendant is clearly entitled to obtain plaintiffs' medical reports and records. Plaintiffs shall furnish the defendant with any medical reports or authorizations requested that have not yet been provided pursuant to Federal Rule of Civil Procedure 34.

### Conclusion

In light of the above analysis, defendant's motion to dismiss the case with respect to YMC is granted. Defendant's motion for a protective order pursuant to Rule 26(c) is denied. Defendant's motion to compel plaintiffs to answer interrogatories is granted and attorney's fees awarded pursuant to Rule 37(a). Defendant is to submit a proposed judgment.

