**Cheryl HAMMOND and Terry Hammond, Individually and as guardians ad litem for Jonathan Hammond, a minor, Plaintiffs,**

v.

**HONDA MOTOR CO., LTD., Honda Research and Development Co., Ltd. and American Honda Motor Co., Inc., Defendants.**

Civ. A. No. 8:88–3435–17.

United States District Court,
D. South Carolina,
Anderson Division.

April 20, 1989.

Barney O. Smith, Jr., Rita M. McKinney, Yarborough & Moore, Greenville, S.C., for plaintiffs.

F. Barron Grier, III, Richardson, Plowden, Grier & Howser, Columbia, S.C., and Charles B. Lewis, Deborah C. Stevens, Morton, Lewis, King & Krie, Knoxville, Tenn., for defendants.

## ORDER

JOE F. ANDERSON, Jr., District Judge.

This matter is before the court on the motion of defendant Honda Research and Development (Honda R & D) Co., Ltd. to dismiss this action pursuant to *Fed.R. Civ.P.* 12(b)(4) and (5). After reviewing the memoranda submitted by the parties and the applicable legal principles, the motion is denied. As the issues are clear, oral argument is not necessary to the court's decision.

The Hammonds brought this products liability action on behalf of their son, Jonathan, as individuals and as his guardians, to recover for injuries Jonathan allegedly sustained while operating a Honda all terrain vehicle (ATV). Citing traditional products liability causes of action, the Hammonds allege the three defendants, all Honda affiliates, contributed to Jonathan's injuries. Honda Motor Co., Ltd. is a Japanese company which manufactured the subject ATV; Honda R & D is a Japanese company which designed the ATV and American Honda Motor Co., Inc. is an American company which distributes the ATV in the United States.

Honda R & D raises two contentions in support of its motion: (1) pursuant to Rule 12(b)(4), it maintains the process served upon it was insufficient, as it did not comply with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Convention), 20 U.S.T. 361, T.I.A.S. No. 6638, *reprinted in Fed.R.Civ.P.* 4 note, U.S.C.A. at 121–135 (Supp.1988); (2) pursuant to Rule 12(b)(5), it argues service of process by direct mail was insufficient, and violative of the Hague Convention. Honda R & D seeks to dismiss this action or, in the alternative, quash the return of service of process.

By its motion Honda R & D challenges both the form of the process and the method of its service. *See* 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1353 (1969). Both process and service of process on a foreign corporation are generally governed by the Hague Convention.[1] The Hague Convention is a multilateral treaty which was enacted to address the inconsistencies of the trial process created by international litigation. Specifically, the Convention provides a simplified method of service abroad and proof thereof and its passage assures that defendants who are sued in foreign lands receive "actual and timely" notice of the action. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S.Ct. 2104, 2107, 100 L.Ed.2d 722 (1988). Both the United States and Japan are member nations.

The Convention at Article II provides that each contracting state shall designate a central authority which will receive requests for service of process from other contracting states in accordance with rules established in the Convention. Hague Convention at Art. 2, 28 U.S.C.A. at 122 (Supp). Once a proper request is received, the central authority must serve the papers in accordance with the internal law of the receiving state or in a manner chosen by the requesting party and in conformity with that law. *Id.*, Art. 5. The central authority of the member nation may require the document being served to be translated in the language of the nation or one of the official languages of said state. *Id.*

If the state of destination does not specifically object, the Convention will not interfere with the following:

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials, or other competent persons of the State of destination;

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

*Id.*, Art. 10.

■ In its adoption of the Hague Convention Japan objected to subparts (b) and (c), Hague Convention, 28 U.S.C.A. at 131 n. 13(4) (Supp.); therefore direct service of foreign papers by otherwise competent Japanese officials is prohibited. Litigants who would have utilized the methods outlined in (b) and (c) must submit papers to the Minister of Foreign Affairs as the designated central authority. *Id.* The Minister then delivers the documents to the Supreme Court for subsequent·service on the Japanese defendant by a designated judicial official.

### I. Form of Process

The basis for a foreign defendant's challenge to the form of process is its contention the serving party has not complied with the Hague Convention. Thus, in considering a motion under Rule 12(b)(4) the court must examine the substance of the summons in light of Convention procedures. *See* Wright and Miller, *supra* at § 1353. Although not specifically discussed in its memorandum, Honda R & D's motion regarding process is apparently based on the Hammonds' failure to translate suit papers into Japanese.

■ Honda R & D's motion . must be dismissed. Translation of served documents may only be required if service is effected through the central authority. Hague Convention at Art. 5, 28 U.S.C.A. at 122 (Supp.). If service is by direct mail, then the translation requirement is not imposed. *Weight v. Kawasaki Heavy Indus. Ltd.*, 597 F.Supp. 1082, 1086 (E.D.Va.1984);

---

**1.** The Hague Convention is a body of law which must be accorded equal weight with acts of Congress. If there is a conflict the latter in time controls. *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575–76 (4th Cir.1983). Having been ratified (1969) after the enactment of *Fed.R.Civ.P.* 4(i) (1963), the Hague Convention governs service of foreign defendants. *Smith v. Dainichi Kinzoku Kogyo Co., Ltd.*, 680 F.Supp. 847, 850 n. 1 (W.D.Tex.1988).

*Lemme v. Wine of Japan Import, Inc.,* 631 F.Supp. 456, 464 (E.D.N.Y.1986).

## II. Method of Service

The Hammonds did not attempt service of Honda R & D through the Minister of Foreign Affairs as the designated central authority. Instead, the Hammonds attempted service of process upon Honda R & D as follows: (1) by substituted service upon the Secretary of State of South Carolina, deemed the involuntary agent for service pursuant to S.C.Code Ann. § 15–9–245(a), Plaintiffs' Ex. 1; (2) by mail to Honda R & D in Japan, in accordance with S.C. Code Ann. § 36–2–806(1)(c), Plaintiffs' Ex. 2; and (3) by service upon a domestic subsidiary (American Honda) through its registered agent in South Carolina (CT Corporation), Plaintiffs' Ex. 3.

### A. Service by Mail

Once a challenge to service of process has been made the court must analyze the service on two levels. First, the court must consider the statute under which process is served. Second, the court must analyze the service in light of constitutional due process principles. *Ackermann v. Levine,* 788 F.2d 830, 838 (2d Cir.1986); U.S. Const. amend. XIV. The party against whom the challenge is lodged has the burden of proving effective service. *Familia De Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1139 (5th Cir.1980) cert. denied, 451 U.S. 1008, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981).

The Japanese version of the Convention permits the direct sending of judicial documents by litigants to Japanese residents. Hague Convention at Art. 10(a), 28 U.S. C.A. at 123 (Supp.). *See supra* at 640 (Japan failed to object to subpart (a), thereby adopting the provision). Whether the "sending" provision allows direct mail service of foreign defendants is the issue before the court. There has been no ruling on the question by the Fourth Circuit; however, the majority of courts faced with making the decision have concluded that service by mail is permitted under the Convention. *Weight,* 597 F.Supp. at 1085–86. *See also Ackermann,* 788 F.2d at 839; *Smith,* 680 F.Supp. at 849–51; *Turick v. Yamaha Motor Corp., USA,* 121 F.R.D. 32,

34–35 (S.D.N.Y.1988); *Lemme,* 631 F.Supp. at 462–64; *Zisman v. Sieger,* 106 F.R.D. 194, 199–200 (N.D.Ill.1985); *Chrysler v. General Motors,* 589 F.Supp. 1182, 1206 (D.D.C.1984). *See also Fed.R.Civ.P.* 4, 28 U.S.C.A. at C4–34, 1987 Practice Commentary (Supp.1988).

Honda R & D urges the court to limit the scope of Article 10(a) so that it would provide for the transmittal of interlocutory documents such as interrogatories, but exclude actual service of documents by mail. Such an interpretation has been adopted by a number of courts, which, in limiting service by direct mail, have required service upon Japanese defendants through the designated central authority. *Prost v. Honda Motor Co., Ltd.,* 122 F.R.D. 215 (E.D.Mo. 1987); *Cooper v. Makita, U.S.A., Inc.,* 117 F.R.D. 16 (D.Me.1987); *Pochop v. Toyota Motor Co. Ltd.,* 111 F.R.D. 464 (S.D.Miss. 1986); *Mommsen v. Toro Co.,* 108 F.R.D. 444 (S.D. Iowa 1985). Generally, the position of these courts is that the word "service" is oft-used in the Hague Convention and would have been used in subpart (a) if service was intended to be carried out through the provision. *Prost,* 122 F.R.D. at 216. In addition it has been held that direct mail service violates basic tenets of Japanese law, therefore the propriety of mail service was not considered when Japan evaluated its response to the enactment of Article 10(a).

■ The court disagrees. Finding the reasoning of the *Weight* court persuasive the court declines to so narrowly construe the language of Article 10(a). Forbidding direct service by mail would render subpart (a) extraneous material. The provision must be "related to the sending of [judicial] documents for the purpose of service." *Lemme,* 631 F.Supp. at 463 (citations omitted); Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1983) at 112. Under this holding it is clear the Hammonds' service of Honda R & D is in compliance with Hague Convention procedures.

The direct mail service of Honda R & D is also constitutionally permissible. *Ackermann*, 788 F.2d at 841 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Service by mail was "notice reasonably calculated," *Mullane* at 314, 70 S.Ct. at 657, to provide Honda R & D with an indication "of the pendency of the action." *Id.* It therefore comported with due process. *Id.*

### B. Service of Agent

The Hammonds assert their alternative methods of serving agents of Honda R & D make unnecessary the application of the Hague Convention. The court agrees.

■ When service upon a domestic agent is valid and complete according to state law and the due process clause the Convention procedures are not invoked. *Schlunk*, 486 U.S. at 707, 108 S.Ct. at 2112. The Convention does not apply because under the above circumstances service upon an agent obviates the necessity of transmitting judicial documents abroad, *id.* at 703, 108 S.Ct. at 2110, the act which triggers the Convention procedures. Hague Convention at Art. 1, 28 U.S.C.A. at 122 (Supp.). To withstand the motion to dismiss on this ground the Hammonds must show an agent of Honda R & D was served. If the Hammonds succeed the Hague Convention need not be considered.

Again, analysis of service begins with consideration of the applicable statute. In *Schlunk* the Court's decision was based upon an Illinois statute which made a domestic subsidiary the involuntary agent of its foreign parent for service of process. *Id.*, 486 U.S. at 706, 108 S.Ct. at 2111 (citing Ill.Rev.Stat., ch. 110, ¶ 2–209(a)(1) (1985)). In South Carolina service is accomplished on a corporation by delivering suit papers to "any . . . agent . . . authorized by statute to receive service. . . ." *S.C.R. Civ.P.* 4(d)(3). An unauthorized foreign corporation which is doing business in South Carolina is deemed to have designated the Secretary of State as its agent "upon whom process against it may be served. . . ." S.C.Code Ann. § 15–9–245(a). Service is effected upon such a foreign corporation by delivering suit papers to the Secretary of State. § 15–9–245(a). The Secretary is directed to immediately forward a copy to the corporation by certified mail. § 15–9–245(b). Substituted service upon the Secretary is thus effected by service upon him as an agent, who then utilizes mail service to directly notify the foreign defendant.

The Court is unable to determine whether Honda R & D was served in compliance with § 15–9–245. The court has not been provided with proof of service by the Secretary. § 15–9–245(c). Notice of compliance must be furnished, along with a signed return receipt. *Id.* Of course, once this information is supplied the compliance issue is resolved. The court will allow supplementation of the record on this point, if the Hammonds wish to perfect service on Honda R & D by an additional method.

As to the constitutional inquiry, the goals of service of process implicate federal constitutional concerns. State statutes allowing service are enacted to bring the served party within the power of the court and to afford notice of the suit as guaranteed by the due process clause. *F.D.I.C. v. Spartan Mining Co., Inc.*, 96 F.R.D. 677, 681 (S.D.W.Va.1983), *aff'd*, 731 F.2d 1134 (4th Cir.1984). A party may only be brought within the power of the court if it is doing business therein, such that the exercise of jurisdiction does not "offend 'traditional notions of fair play and substantial justice.'" *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citation omitted). In addition, substituted service is valid only if the procedure is reasonably directed at affording the litigant sufficient notice. *Szantay v. Beech Aircraft Corp.*, 237 F.Supp. 393, 400 (D.S.C.), *aff'd*, 349 F.2d 60 (4th Cir.1965); *Spartan Mining*, 96 F.R.D. at 681. *See Mullane v. Central Hanover*, 339 U.S. at 314, 70 S.Ct. at 657. The requirement that the Secretary send suit papers by certified mail assures the defendant of receiving actual notice. *Spartan Mining* at 682.

■ Again, the court is unable to determine whether the service of Honda R & D was in accordance with due process. The Hammonds allege in their complaint that Honda R & D is doing business in this state

but have not supported their allegation in response to this motion. As the court has found valid service on at least one ground, it will reserve judgment on the sufficiency of service through the Secretary of State. After discovery, the Hammonds may supplement the record with evidence of Honda R & D's business activity in this state.

The Hammonds also maintain service of Honda R & D was effected through service of its alleged agent and a domestic co-subsidiary, American Honda. The Hammonds support their contention with Honda Motor's admission American Honda and Honda R & D are both its subsidiaries. Plaintiffs' Ex. 4. While the court agrees agency service as condoned in *Schlunk* may have occurred in this action, the fact Honda R & D and American Honda are both subsidiaries does not imply the requisite agency relationship between the two entities.

Agency must be proved by the party asserting the relationship exists. *McCall v. Finley*, 294 S.C. 1, 362 S.E.2d 26, 29 (App.1987). Generally it is determined by evaluating the amount of control and supervision exercised by one entity over another. *Szantay*, 237 F.Supp. at 400; *See also Burriss v. Texaco*, 361 F.2d 169 (4th Cir.1966); *Fernander v. Thigpen*, 278 S.C. 140, 293 S.E.2d 424 (1982). In making its determination the court may look to both direct and indirect controls. *See Roorda v. Volkswagenwerk, A.G.*, 481 F.Supp. 868, 870–71 (D.S.C.1979) (listing factors indicative of agency relationship).

■ The court cannot decide the agency question at this time as the record is silent with regard to the relationship between Honda R & D and American Motor. In order to be effective, service must be accomplished on an actual agent. Only then will the power of the court's jurisdiction be invoked in accordance with due process. *Szantay*, 237 F.Supp. at 404.

Again, as the motion to quash will be denied on another ground, there is no need to formally pursue the agency question in connection with this motion. As facts develop the court may make a determination of agency so that service may be upheld on an additional ground.

## CONCLUSION

The defendants' motion to quash and/or dismiss for plaintiffs' failure to properly effect service of process is hereby denied on the ground direct mail service of the defendants was in accordance with the Hague Convention. The court reserves judgment on whether the other forms of service are alternatively valid.

IT IS SO ORDERED.