**Kathryn Christensen SCHIFFER,**
**Plaintiff,**

v.

**MAZDA MOTOR CORPORATION,**
**et al., Defendants.**

**Civ.A. No. 1:00CV235TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 6, 2000.

William John Cornwell, Office of William J. Cornwell, Decatur, GA, for Kathryn Christensen Schiffer, plaintiff.

Andrew Thomas Bayman, Andrea Ortbals Patton, King & Spalding, Atlanta, GA, for Mazda Motor Corporation and Mazda Motor of America, Inc., aka Mazda North American, defendant.

## ORDER

THRASH, District Judge.

This is a products liability action. It is before the Court on the Defendant Mazda Motor Corporation's Motion to Dismiss [Doc. 3–1] and Motion for a Preliminary Hearing [Doc. 3–2]. For the reasons set forth below, both motions are denied.

## I. BACKGROUND

This case arises out of an automobile collision that occurred on December 31, 1997. Plaintiff was driving a 1992 Mazda automobile northbound on Interstate 75–85 in Atlanta, Georgia. She was wearing the vehicle's motorized passive restraint shoulder belt. Plaintiff's vehicle was struck on the driver's side by a passing vehicle. As a result, she careened to the right and side-swiped a retaining wall. Plaintiff alleges that she suffered severe and disabling personal injuries and that her injuries were caused by a defect in the Mazda vehicle's passive restraint shoulder belt system.

As a result of her alleged personal injuries, on December 29, 1999 (two days before the statute of limitations would have run), Plaintiff filed suit against Defendants Mazda Motor Corporation ("Mazda") and Mazda Motor of America, Inc., d/b/a Mazda North American Operations ("Mazda North American") in the State Court of Fulton County, Georgia. Mazda North American shortly thereafter removed the action to this Court pursuant to federal diversity jurisdiction. Plaintiff served Mazda North American, a California corporation, by service upon a registered agent on December 30, 1999, and a second time at its headquarters in California on January 3, 2000. Plaintiff sent Mazda, a Japanese corporation, a summons and an untranslated copy of the Complaint by regis-

tered mail to Mazda's offices in Hiroshima, Japan. Mazda received the summons and Complaint on January 17, 2000. On February 3, 2000, Mazda filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(4) and (5) for insufficiency of process and insufficient service of process and requested a preliminary hearing on the matter. Those two motions are the subject of this Order.

## II. DISCUSSION

### A. MOTION FOR A PRELIMINARY HEARING

Defendant Mazda Motor Corporation has filed a Motion for a Preliminary Hearing [Doc. 3–2] on its Motion to Dismiss [Doc. 3–1]. The facts are undisputed and both sides in this case have filed excellent briefs. The Court does not believe that a hearing on the issue would further assist it in rendering its decision. In the interest of judicial economy and to avoid delay, Mazda's Motion for a Preliminary Hearing is denied.

### B. MOTION TO DISMISS

Once a suit is filed in federal court, the defendants in the case must be served with process in accordance with Fed.R.Civ.P. 4. If service of process is not made upon a defendant within 120 days after the filing of a complaint, the court may dismiss the complaint without prejudice or direct that service be effected within a specified time. Fed. R.Civ.Pro. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.*

In this case, Defendant Mazda Motor Corporation, a Japanese corporation, contends that Plaintiff failed to serve it with process in the manner required by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *commonly referred to as the* Hague Convention. Rule 4 of the Federal Rules of Civil Procedure provides:

(f) Service Upon Individuals in a Foreign Country. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the Unit-

ed States: (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice [then through other stated means].

Fed.R.Civ.Pro. 4(f). The United States and Japan both have ratified the Hague Convention. Therefore, that treaty determines whether service of process on Mazda was properly effected in this case.

The Hague Convention is a multinational treaty, signed in 1965, to create an "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." Hague Convention Preamble, 20 U.S.T. 361, 362, T.I.A.S. No. 6638, *reprinted in* 28 U.S.C.A. Fed.R.Civ.Pro. 4, note, at 124 (West Supp.1999) (hereinafter cited as "Hague Convention"). The Convention sets out specific procedures to accomplish service of process abroad. For example, Articles 2 through 6 provide for service through a central authority in each country. Article 8 allows service by way of diplomatic channels. Article 19 allows service by any method of service permitted by the internal law of the country in which service is made. Importantly, Article 21 allows each signatory nation to ratify its provisions subject to conditions or objections to specific articles.

The crucial article in this case is Article 10, the article relied upon by Plaintiff in attempting to serve process upon Mazda by registered mail. Article 10 states as follows:

Provided the State of destination does not object, the present Convention shall not interfere with—(a) the freedom *to send* judicial documents, by postal channels, directly to persons abroad, (b) the freedom of judicial officers, officials or other competent persons of the State of origin *to effect service* of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, (c) the freedom of any person

interested in a judicial proceeding *to effect service* of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Convention, at 125–26 (emphasis added). Japan has objected to subparagraphs (b) and (c) of Article 10, but not to subparagraph (a). *Id.* at 140 n. 9.

The issue before this Court is whether subparagraph (a) of Article 10 permits service on a Japanese defendant by direct mail. Over the years, two differing interpretations of Article 10(a) have arisen. Some courts have ruled that Article 10(a) permits service of process by mail without resorting to the central authority or translating the documents into the official language of the nation where the documents are to be served. In general, these courts reason that since the Hague Convention deals solely with service of process, Article 10(a) is meaningless unless it relates to sending documents for the purpose of service. *See e.g., Ackermann v. Levine,* 788 F.2d 830, 838–40 (2d Cir.1986); *Zaboli v. Mazda Motor Corp.,* 1:98–CV–3210–CC (N.D.Ga. July 15, 1999) (Cooper, J.); *Irving v. Mazda Motor Corp.,* 1:94–CV–2964–HTW (N.D.Ga. August 21, 1995) (Ward, S.J.); *Patty v. Toyota Motor Corp.,* 777 F.Supp. 956, 958–59 (N.D.Ga.1991) (Murphy, J.) [1]; *Coblentz GMC/Freightliner v. General Motors Corp.,* 724 F.Supp. 1364, 1372 (M.D.Ala.1989), *aff'd,* 932 F.2d 978, 978 (11th Cir.1991); *Meyers v. ASICS Corp.,* 711 F.Supp. 1001, 1007–08 (C.D.Cal.1989); *Hammond v. Honda Motor Co.,* 128 F.R.D. 638, 641 (D.S.C.1989); *Smith v. Dainichi Kinzoku Kogyo Co.,* 680 F.Supp. 847, 850 (W.D.Tex.1988); *Newport Components, Inc. v. NEC Home Elecs., Inc.,* 671 F.Supp. 1525, 1541 (C.D.Cal.1987); *Lemme v. Wine of Japan Import, Inc.,* 631 F.Supp. 456, 463–64 (E.D.N.Y.1986); *Zisman v. Sieger,* 106 F.R.D. 194, 199 (N.D.Ill.1985); *Weight v. Kawasaki Heavy Indus., Inc.,* 597 F.Supp. 1082, 1085–86 (E.D.Va.1984); *Allen Organ Co. v. Kawai Musical Instruments Mfg. Co.,* 593 F.Supp. 107, 110 (E.D.Pa.1984); *Chrysler Corp. v. General Motors Corp.,* 589 F.Supp. 1182, 1206 (D.D.C.1984). Plaintiff relies upon this line of cases.

The second interpretation, which Mazda advocates in this case, is that the word "send" in Article 10(a) is not the equivalent of "service of process." The word "service" is specifically used elsewhere in the Convention, including subparagraphs (b) and (c) of Article 10. If the drafters of the Convention had meant for subparagraph (a) to provide an additional manner of service of judicial documents, argues Mazda, they would have used the word "service." Adherents to this interpretation maintain that Article 10(a) merely provides a method for sending subsequent documents after service of process has been obtained by means of the central authority. *See, e.g., Bankston v. Toyota Motor Corp.,* 889 F.2d 172, 174 (8th Cir.1989); *Knapp v. Yamaha Motor Corp. USA,* 60 F.Supp.2d 566, 571–73 (S.D.W.Va.1999); *James v. Mazda Motor Corp.,* 1:96–CV–2356–GET (N.D.Ga. November 8, 1996) (Tidwell, C.J.); *Brand v. Mazda Motor of America, Inc.,* 920 F.Supp. 1169, 1172 (D.Kan. 1996); *Pennebaker v. Kawasaki Motors Corp., U.S.A.,* 155 F.R.D. 153, 157 (S.D.Miss. 1994); *Fitzgibbon v. Sanyo Sec. America, Inc.,* 1994 WL 281928, at *10 (S.D.N.Y. June 22, 1994); *Gallagher v. Mazda Motor of America, Inc.,* 781 F.Supp. 1079, 1082 (E.D.Pa.1992); *Charas v. Sand Technology Sys. Int'l, Inc.,* 1992 WL 296406, at *2 (S.D.N.Y. Oct.7, 1992); *Mateo v. M/S Kiso,* 805 F.Supp. 792, 797 (N.D.Cal.1992); *Wasden v. Yamaha Motor Co., Ltd.,* 131 F.R.D. 206, 208–09 (M.D.Fla.1990); *McClenon v. Nissan Motor Corp. in U.S.A.,* 726 F.Supp. 822, 826 (N.D.Fla.1989); *Hantover, Inc. v. Omet, S.N.C. of Volentieri & C.,* 688 F.Supp. 1377, 1385 (W.D.Mo.1988); *Prost v. Honda Motor Co.,* 122 F.R.D. 215, 216 (E.D.Mo. 1987); *Pochop v. Toyota Motor Co.,* 111 F.R.D. 464, 466 (S.D.Miss.1986); *Mommsen v. Toro Co.,* 108 F.R.D. 444, 446 (S.D.Iowa 1985). As evidenced by the split among the judges of this Court, there is no obviously right or wrong answer to the question.

After careful review, this Court adopts the view that Article 10 does permit service of process by mail. In doing so, the Court follows the United States Supreme Court's

---

1. In that case, the plaintiff prudently also followed the process in Articles 2 through 7 so as to avoid any question of whether a judgment would be honored in Japan.

directive that "[t]reaties are construed more liberally than private agreements, and to ascertain their meaning we may look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). "The basic aim of treaty interpretation is to ascertain the intent of the parties.... [T]o give the specific words of a treaty a meaning consistent with the genuine shared expectations of the contracting parties, it is necessary to examine not only the language, but the entire context of the agreement." *Maximov v. United States*, 299 F.2d 565, 568 (2d Cir.1962), *aff'd*, 373 U.S. 49, 56, 83 S.Ct. 1054, 10 L.Ed.2d 184 (1963).

The overall scope of the Hague Convention and its individual articles confirm that the Convention deals solely with service of process. The Convention's official title is the "Convention on the *Service* Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" (emphasis added). The purpose of the Convention, as stated in the preamble, is to create an "appropriate means to ensure that judicial and extrajudicial documents *to be served* abroad shall be brought to the notice of the addressee in sufficient time." Hague Convention, at 124 (emphasis added). Indeed, all 31 of the Convention's articles involve service of process; not a single article involves later aspects of a court case, such as the filing of motions or discovery. The larger issue is whether service by mail is a reasonable and reliable means of service. In the year 2000, the American–Japanese mail system is a reasonable and reliable means of communication. When in doubt the courts should favor that treaty interpretation which tends to reduce the cost and delay of litigation, particularly products liability litigation.

In addition, this Court is also persuaded by the fact that numerous United States courts have upheld service of process on Japanese defendants by direct mail, yet the Japanese government has made no efforts to amend its objections to the Convention so as to preclude service by mail pursuant to Article 10(a). *See Patty v. Toyota Motor Corp.*, 777 F.Supp. 956, 958 n. 3 (N.D.Ga.1991) (Murphy, J.) (offering same observation as reason to allow service of process on Japanese corporation by direct mail). Indeed, it appears that the Japanese government has actually sanctioned service of process by direct mail. In 1989, a special commission issued a report on the operation of the Hague Convention. *Hague Conference on Private International Law: Special Commission Report on the Operation of the Hague Service Convention and the Hague Evidence Convention*, 28 I.L.M. 1556, 1561 (1989). Because of the different interpretations of Article 10(a) given by United States courts, the report attempted to resolve the conflict:

> It was pointed out that the postal channel for service constitutes a method which is quite separate from service via the Central Authorities or between judicial officers. Article 10(a) in effect offered a reservation to Contracting States to consider that service by mail was an infringement of their sovereignty. Thus, theoretical doubts about the legal nature of the procedure were unjustified. Nonetheless, certain courts in the United States of America in opinions cited in the "Checklist" had concluded that service of process abroad by mail was not permitted under the Convention.

*Id.* at 1561. Additionally, the Japanese delegation to the Special Commission stated as follows with respect to Article 10(a):

> Japan has not declared that it objects to the sending of judicial documents, by postal channels, directly to persons abroad. In this connection, Japan has made it clear that no objection to the use of postal channels for sending judicial documents to persons in Japan does not necessarily imply that the sending by such method constitutes valid service in Japan; it merely indicates that Japan does not consider it as infringement of its sovereign power.

*Id.*

Following the Special Commission's report, and in direct response to the Eighth Circuit's decision in *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 174 (8th Cir.1989), holding that service on a Japanese corporation by direct mail is not sanctioned by the Convention, the United States Department of State issued an opinion concluding that the *Bankston* decision was incorrect and explaining the Japa-

nese delegation's statement to the Special Commission:

> Japan does not consider service of process by mail to Japan to violate Japanese judicial sovereignty and ... Japan does not claim that such service would be inconsistent with the obligations of any other country party to the Hague Service Convention vis-à-vis Japan. The Japanese statement suggests, however, that it is possible, and even likely, that service in Japan by mail, which may be considered valid service by courts in the United States, would not be considered valid service in Japan for the purpose of Japanese law. This, a judgment by a court in the United States based on service of the defendant in Japan by mail, while capable of recognition throughout the United States, may well not be capable of recognition and enforcement in Japan by the courts of that country.... We therefore believe that the decision of the Court of Appeals in *Bankston* is incorrect to the extent that it suggests that the Hague Service Convention does not permit, as a method of service of process, the sending of a copy of a summons and complaint by registered mail to a defendant in a foreign country.

*United States Department of State Opinion Regarding the Bankston Case and Service by Mail to Japan Under the Hague Service Convention,* 30 I.L.M. 260, 261 (1991).

The Japanese delegation's statement to the Special Commission, the Special Commission's report, and the United States Department of State's opinion explaining the Japanese delegation's statement all support this Court's conclusion that service of process on a Japanese corporation by registered mail is permissible pursuant to Article 10(a) of the Hague Convention. Applying this authority to the present case, it appears that Plaintiff's service of the summons and Complaint via registered mail on January 10, 2000, and Mazda's receipt and acknowledgment of that service on January 17, 2000, was effective service pursuant to the Hague Convention. Accordingly, Mazda's Motion to Dismiss is denied.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for a Preliminary Hearing [Doc. 3–2] and Motion to Dismiss [Doc. 3–1] are both DENIED. Pursuant to 28 U.S.C. § 1292(b), the Court is of the opinion that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Discovery shall not be stayed during the appeal if the Eleventh Circuit decides to hear the case.