Civil Service Commission of the Borough of Jim Thorpe, Appellant *v.* Kenneth P. Kuhn, Appellee.

Argued June 7, 1984, before Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Roger N. Nanovic, II,* with him, *William B. Quinn,* for appellant.

*Arnold Sousa,* for appellee.

OPINION BY JUDGE DOYLE, September 5, 1984:

Before this Court is an appeal by the Borough of Jim Thorpe (Borough) and its Civil Service Commission (Commission) from a decision and order of the Court of Common Pleas of Carbon County reversing a decision to discharge police officer Kenneth P. Kuhn (Appellee) from employment with the Borough. We affirm.

Following a sequence of events not relevant to the current inquiry, Appellee was charged by his superiors

with violating Borough police department regulations in that he did not personally answer a call received; he referred the call to another officer who was engaged in making an arrest at the time, and he failed to back-up the other officer despite the call involving a report of a person with a firearm. Inasmuch as Appellee possessed an extensive record of prior violations of departmental regulations, the matter was referred to the Borough Council for further action. At a meeting held on September 28, 1982, the Council unanimously resolved[1]

> that the charges against Officer Kenneth Kuhn, be turned over for review, and any recommendation of action, to the Civil Service Commission Board, and that until such recommendation has has [sic] been reached by them, Officer Kenneth Kuhn be suspended from Police Duty, without pay, effective as of midnight tonight.

In a subsequent letter to the Commission, the Borough Council recommended that Appellee be discharged.

The Commission conducted a full hearing on the matter on October 28, 1982. The Borough presented several witnesses and Appellee, who was represented by counsel, testified on his own behalf. Following the hearing, a decision was issued by the Commission concluding that Appellee was guilty of disobedience, neglect of duty and conduct unbecoming a public officer. The accompanying order reads:

> NOW, the 17th day of November, 1982, the Appeal of KENNETH P. KUHN is DENIED. The action of the Council of the Borough of Jim Thorpe, Pennsylvania is SUSTAINED.

Appellee appealed to the court of common pleas alleging a number of due process violations during the

---

[1] The resolution is contained in the official minutes of the Borough Council meeting.

course of the action against him. In an extensive opinion, President Judge JOHN P. LAVELLE ruled that Appellee had received all of the due process protections to be afforded him by law and that Appellee's charges formed no basis for a reversal of the action below. The court also, however, *sua sponte* broached the issue of whether, in light of the route taken by the Borough's action against Appellee, the Commission had subject matter jurisdiction at the time of its action. Based on the fact that the Borough Council itself took no conclusive action regarding Appellee other than to suspend him without pay pending Commission review of the matter, the common pleas court held that the final action necessary to trigger Commission jurisdiction had not transpired and that the latter's decision was therefore a nullity and must be reversed. In so holding, President Judge LAVELLE pointed out that, pursuant to the civil service provisions of The Borough Code[2] (Code) for policemen and firemen, the proper procedure in this case would have required the Council to unconditionally discharge, demote or suspend Appellee, at which point Appellee would have had a right to appeal the action to the Commission. The appeal to this Court followed.

In their appeal to this Court, the Borough and the Commission assert that the procedure below, even if not technically correct, did not accrue to Appellee's detriment and sufficiently afforded him his right to a nonprejudicial personnel action. The Borough and the Commission also argue that all parties treated the matter at all times as though Appellee had been discharged and that Appellee at no point objected to the procedure invoked and therefore Commission jurisdiction was proper. *

---

[2] Sections 1171-1195 of the Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §§46171-46195.

After a careful review of the civil service provisions of The Borough Code, we must reject the appeal of the Commission and the Borough. The explicit language of the Borough Council's resolution defers final action with regard to Appellee pending a recommendation by the Commission and can not be construed as a discharge. The Code at no point confers on the Commission the authority to address recommendations for personnel actions by Borough officials. Rather, it permits individuals who have been subjected to final adverse personnel action in the nature of a dismissal, suspension or reduction in rank to appeal the action by demanding a hearing before the Commission. Section 1191 of the Code, 53 P.S. §46191. It is "the borough council [which] has the primary responsibility and discretion for determining whether or not and how a police officer should be disciplined." *Borough of Bristol v. Downs,* 48 Pa. Commonwealth Ct. 46, 49, 409 A.2d 467, 469 (1979). Until such time as the Borough Council takes final action, there is, by law, no adjudicable issue to be placed before the Commission and any action it takes was correctly deemed a nullity by the common pleas court. *See Township of Reserve v. Zoning Hearing Board of Reserve Township,* 78 Pa. Commonwealth Ct. 496, 468 A.2d 872 (1983). Also, the fact that Appellee continued in this matter without objection is of no moment. The difference between addressing an appeal by an employee from a final action by municipal authorities, and addressing a request by the latter for a recommendation as to what action may be properly taken, clearly involves subject matter, rather than personal, jurisdiction. Subject matter jurisdiction can not be conferred on a tribunal by the consent of the parties nor can it be waived as an issue. *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965). A

court may, as was done here, raise the issue *sua sponte.* *Id.* Accordingly, we are constrained to affirm the decision of the court of common pleas.[3]

ORDER

Now, September 5, 1984, the decision and order of the Court of Common Pleas of Carbon County in the above captioned matter, dated June 17, 1983, No. 82 S 530, is hereby affirmed.

---

[3] *Tegzes v. Township of Bristol,* Pa. , 472 A.2d 1386 (1984), raised by the Borough at oral argument, is distinguishable from the case at bar. There, the Pennsylvania Supreme Court held that a police officer appointed pursuant to civil service procedures is entitled to civil service protection in the event of an adverse personnel decision and may appeal such a decision even though, theoretically, it was based on the expiration of a contract rather than charges of misconduct. In *Tegzes,* but not the instant case, the party invoking the jurisdiction of the civil service commission was the aggrieved officer and his action was based on a final action by the municipal authorities.