527 A.2d 564

**John J. SANDOVAL, an Individual**

v.

**HONDA MOTOR CO., LTD., a Corporation, American Honda Motor Co. Inc., a Corporation and Dunbar Motors Inc. T/A Dunbar Honda, a Corporation.**

**Appeal of HONDA MOTOR COMPANY, LTD.**

Superior Court of Pennsylvania.

Argued April 29, 1987.

Filed June 16, 1987.

138

Scott Redman, Pittsburgh, for appellant.

Edgar D. Harr, Greensburg, for Dunbar Motors, appellee.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Westmoreland County denying the preliminary objections of Honda Motor Company. We affirm.

Appellee, John Sandoval brought a tort action against appellant, Honda Motor Company (Honda) for injuries caused by an accident in July of 1986. Sandoval sent a copy of the complaint via registered mail to Honda's headquarters in Japan, pursuant to the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5321 *et seq.* The complaint was in English. Honda filed preliminary objections, claiming that the method of service violated *The Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters* or as it is commonly known, the Hague Convention. The trial court denied Honda's objections but ruled that the matter presented a substantial issue as to jurisdiction. Honda then filed an interlocutory appeal as of right. *See* Pa.R.A.P. 311(b)(2).

Appellant presents two issues for our review: (1) whether the service of a complaint via certified mail on a Japanese corporation in Japan violates the Hague Convention; (2) whether the appellee's failure to translate the complaint into Japanese prior to service violates the Hague Convention.

Both parties agree that Sandoval complied with the applicable provisions of the Uniform Interstate and International Procedure Act as codified at 42 Pa. C.S.A. § 5323. The Act provides in pertinent part for service of process upon persons outside the Commonwealth: "... by any form of mail addressed to the person to be served and requiring a signed receipt".

Sandoval and Honda also agree that as a treaty ratified by the United States, the Hague Convention takes precedence over any conflicting state statute. United States Constitution, Art. VI cl. 2; *United States v. Pink*, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796 (1942).

The parties disagree over whether the Hague Convention conflicts with § 5323. Honda claims that there is a conflict and Sandoval asserts that the two are harmonious. We agree with appellee, Sandoval.

■ The Hague Convention has been ratified by over twenty countries, including the United States and Japan. It provides for several alternative means of service of process. The section of central importance to this action is as follows:

Article X of the Convention states: Provided the state of designation does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials, or other competent persons of the State of designation,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through judicial officers, officials or other competent persons of the State of designation.

Japan has declared that it objects to the methods of service specified in 10(b) and (c). Because Japan has not

objected to Article 10(a), that section provides a permissible means of service upon Japanese corporations. *See Shoei Kako v. Superior Court,* 33 Cal.App.3d 808, 109 Cal.Rptr. 402 (1973); *Weight v. Kawasaki,* 597 F.Supp. 1082 (E.D.Va. 1984); *Chrysler Corp. v. General Motors Corp.,* 589 F.Supp. 1182 (D.D.C.1984); Ristau, *Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,* 112 (1984).

Therefore, Sandoval complied with the convention when he directly served Honda via certified mail.

It has been argued that Article 10(a) does not apply to the "service" of judicial documents because it uses the term, "send" instead of the word, "service". However, it has been documented that the drafters meant "service" and the discrepancy resulted from careless drafting. Ristau, *Handbook, supra.* at 165–67; *Shoei Kako,* 33 Cal.App.3d at 821–22, 109 Cal.Rptr. at 411–12. As the *Shoei Kako* court stated:

> The reference to the freedom to 'send judicial documents by postal channels, directly to persons abroad would be superfluous unless it was related to the sending of such documents for the purpose of service.

That is so because the mails are open to everyone. Persons do not need an international convention on the service of judicial documents to give them the right to "send" mail.

Our attention has been directed to *Voorhees v. Fischer & Krecke,* 697 F.2d 574 (4th Cir.1983). In *Voorhees,* the court held that service of process upon a German corporation similar to that used in this case was improper under the Convention. *Id.* at 575. However, the court stated that West Germany had objected to the provisions of Article 10(a). *Id.* As noted, Japan has not objected to this section. Therefore, *Voorhees* is inapplicable to this case.

▮ Honda also claims that the complaint should have been translated into Japanese prior to service. Article V of the Convention provides an alternative means of service:

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either—

(a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory....

It also states:

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official languages of the State addressed.

But, the above quoted provision does not apply to this case because Sandoval chose to proceed under Article 10(a). That article does not require foreign translation. *Weight* at 1086. *See also Shoei Kako, supra.*

Based upon the foregoing discussion, the order of the Court of Common Pleas of Westmoreland County is affirmed.