**Frank M. SOUPART, Plaintiff,**

v.

**HOUEI KOGYO COMPANY, LTD., Defendant.**

Civ. A. No. 91–93J.

United States District Court, W.D. Pennsylvania.

Aug. 21, 1991.

James L. Jubelirer, State College, Pa., for plaintiff.

James M. Frey, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Before the Court at this time are plaintiff's motion to strike defendant's petition for removal, and defendant's motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(5), challenging this Court's personal jurisdiction over the defendant and plaintiff's service of the complaint.

Plaintiff Frank M. Soupart sustained serious crushing injuries to his left forearm at his place of employment on May 13, 1987, when his hand was caught in a mixing/chopping machine. The machine was designed and manufactured by Houei Kogyo Company, Ltd., a Japanese corporation, and was sold through several intermediaries to TYK Refractories Company, Soupart's employer. TYK Refractories and Houei Kogyo are both subsidiaries of Tokyo Kogyo, a Japanese corporation which is the defendant in the companion case to this one, *Soupart v. Tokyo Kogyo*, C.A. No. 91–92J.

Plaintiff's attorney filed a praecipe for a writ of summons in the Court of Common Pleas of Clearfield County on May 2, 1989, shortly before the statute of limitations expired. Plaintiff mailed a copy of the writ of summons in English by registered mail to Houei Kogyo's corporate offices in Gifu, Japan. Current defense counsel entered an appearance in the Clearfield County action, but no pleadings were filed until March,

1991, when Soupart filed a complaint against Houei Kogyo seeking in excess of $10,000 damages. Defendant, averring through counsel that the amount in controversy exceeded $50,000, removed the matter to this Court in April, 1991.

■ Plaintiff moves to strike the notice of removal for alleged procedural irregularities. The motion to strike is meritless and is denied.[1]

■ Defendant moves to dismiss the complaint against it for lack of personal jurisdiction. Plaintiff alleges that defendant's product was shipped through a series of inter-subsidiary transactions from one subsidiary of Tokyo Kogyo, defendant Houei Kogyo, to another subsidiary, TYK Refractories. Plaintiff claims that jurisdiction exists under Pennsylvania's long-arm statute, 42 Pa.C.S. § 5322(b), which permits the assertion of jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."

Plaintiff Soupart acknowledges, as he must, that he bears the burden of proving jurisdiction (or at this stage of alleging facts which would tend to prove jurisdiction) over the defendant. Motion to Dismiss, ¶ 8, and Plaintiff's Answer to Defendant's Motion to Dismiss, ¶ 8. Plaintiff Soupart alleges in his complaint only that Houei Kogyo placed the mixer/chopper which injured Soupart "into the stream of commerce." *See e.g.* Complaint, ¶ 16. Plaintiff Soupart in his Answer to Defendant's Motion to Dismiss does not add any allegations, but only denies on the basis of insufficient information Houei Kogyo's allegations that it is entirely located within Japan and does no business in Pennsylva-

---

1. Plaintiff makes the two patently frivolous arguments that defendant's notice of removal violated this Court's Local Rule 4, relative to service of motions, because (1) it did not contain a proposed form of order and (2) because it did not contain a provision for acceptance of service. Obviously a notice of removal is not a motion subject to Local Rule 4, because removal is accomplished without an order of court. *See* 28 U.S.C. § 1446(b); compare § 1446(c), remov-

al of criminal actions, which requires an order of the court. Second, the text of Local Rule 4(a)(2), which plaintiff's counsel misreads, does not make any motion subject to striking for failure to include a provision for acceptance of service. A motion may be stricken under Local Rule 4(a)(2) for failure to include a *proof* of service. Defendant admittedly served the notice of removal in this case.

nia, that it sold the mixer/chopper which injured Soupart to another Japanese corporation in Japan, and that it has never sold or shipped any products directly into Pennsylvania. Plaintiff Soupart makes affirmative allegations only through the argument in his memorandum in opposition to defendants' motion to dismiss, which yields the following:

Tokyo Kogyo is the parent corporation of three subsidiaries: Houei Kogyo, the defendant; Mizuno Refractory Company, a nonparty to this matter; and TYK Refractories Company, plaintiff Soupart's employer. Houei Kogyo designed and manufactured the mixer/chopper, sold it at some point to Mizuno, repurchased it after some time from Mizuno, and then sold it to Tokyo Kogyo. Tokyo Kogyo thereafter sold the machine to TYK Refractories. Houei Kogyo is in the business of manufacturing mixer/chopper machines which are used to crush and mix aggregates. TYK Refractories uses this kind of machine in its business. Plaintiff's Memorandum, 1–2.

Defendant does not contest these allegations; in fact, defendant's memorandum is the source for plaintiff's information. Plaintiff further alleges

It is impossible to determine whether Houei Kogyo and its sister-subsidiary, TYK, and its parent company, Tokyo Kogyo, intentionally created the corporate fabric to supply TYK with equipment and hence avoid the jurisdiction of Pennsylvania or whether it was unintentional.

Plaintiff's Memorandum, 6. Plaintiff does not allege that Houei Kogyo sold the product at issue to Tokyo Kogyo intending it to be resold to TYK Refractories in Pennsylvania, nor, despite a disparaging reference to "a foreign corporate 'shell game' ", *Id.*, 7, that Houei Kogyo sold the mixer/chopper by means of a sham transaction with Tokyo Kogyo to TYK Refractories. Plaintiff Soupart rests his entire argument on the fact that TYK Refractory and defendant Houei Kogyo are subsidiaries of the

same parent, which he contends satisfies the "foreseeability" test allegedly established by *Kenny v. Alexson Equipment Co.*, 495 Pa. 107, 432 A.2d 974 (1981). Plaintiff's Memorandum, 7.

To determine whether personal jurisdiction exists where, as here, the litigation involves plaintiff's injuries that are alleged to arise out of the design and manufacture of the mixing/chopping machine by Houei Kogyo,[2] the due process clause of the Fourteenth Amendment is satisfied if Houei Kogyo has "purposefully directed" its activities at residents within Pennsylvania. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472–73, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985). The conduct of Houei Kogyo itself, not the action of Tokyo Kogyo in selling the machine to TYK Refractories, must be looked to. *See id.*, 471 U.S. at 475, 105 S.Ct. at 2183 ("contacts proximately result from actions by the defendant *himself* which create a 'substantial connection' with the forum state") (emphasis in original).

The mere placement of a product into the stream of commerce does not constitute purposefully directing that product toward a particular forum. *Asahi Metal Co. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Plaintiff does not allege that Houei Kogyo knowingly and purposefully transferred the mixing/chopping machine in question through a series of sham transactions to TYK Refractories. If, as defendant contends, Houei Kogyo merely sold the device to Tokyo Kogyo without control over its disposition or intent that it be shipped to TYK Refractories, then there is no jurisdiction in this Court over Houei Kogyo. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295–96, 100 S.Ct. 559, 566–67, 62 L.Ed.2d 490 (1980) (the mere foreseeability that product will be present in forum is not sufficient to support personal jurisdiction); *see also Security Pacific Int'l Bank v. National Bank of Western Pennsylvania*, C.A. No. 89–117J, slip opinion at 7–8 (W.D.Pa. March 21, 1991)

---

**2.** Plaintiff asserts specific jurisdiction rather than general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). In fact, plaintiff bases jurisdiction on

the defendant's single act of selling the machine which injured him. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 n. 18, 105 S.Ct. 2174, 2184 n. 18, 85 L.Ed.2d 528 (1985).

(jurisdiction over corporate parent cannot be based merely on actions of corporate subsidiary).

Plaintiff's reliance on *Kenny v. Alexson Equipment Co.* is misplaced. The Pennsylvania Supreme Court in *Kenny*, in the course of dismissing an action for lack of personal jurisdiction, stated by negative implication that a corporation's "purposeful participation ... in a continuous distributive chain" might meet the minimum contacts requirement of the due process clause. 432 A.2d at 984. However, as *Kenny* recognized, and as the Third Circuit Court of Appeals held in its analysis of the participation in the stream of commerce theory of jurisdiction:

> Such participation, however, cannot itself yield jurisdiction in the absence of some indicia of purposeful affiliation with the forum state.

*Max Daetwyler Corp. v. R. Meyer Corp.*, 762 F.2d 290, 300 (3d Cir.1985).[3]

 Because plaintiff makes no allegations that Houei Kogyo sold the mixer/chopper with the purpose of transmitting it to Pennsylvania, the assertion of personal jurisdiction under Pennsylvania's long-arm statute, 42 Pa.C.S. § 5322(b), is constitutionally impermissible. *Cf. Snyder International, Inc. v. Tap Equipment Co.*, 770 F.Supp. 279 (W.D.Pa.1991). The complaint is dismissed for lack of personal jurisdiction. The Clerk shall mark this matter closed.[4]

---

**3.** The stream of commerce analysis of *Max Daetwyler Corp.*, 762 F.2d at 299–300, was approved of by four of the justices in the majority in *Asahi Metal Co.*, *see* 480 U.S. at 111–112, 107 S.Ct. at 1031–1032.

**4.** Defendant also moves to dismiss plaintiff's complaint for failure to properly serve Houei Kogyo under the Hague Convention. If it were necessary to reach this motion, it would be granted. Mailing a writ of summons in English to a Japanese corporation by registered mail does not comply with the Hague Convention. The better reasoned cases interpreting Article 10(a) of the Convention hold that permissibly "sending judicial documents" through postal channels does not permit service of process by mail where the receiving nation does not consent thereto. *See Bankston v. Toyota Motor Corp.*, 889 F.2d 172 (8th Cir.1989). *Sandoval v. Honda Motor Co.*, 364 Pa.Super. 136, 527 A.2d 564 (1987), which holds that service by mail is permissible, is simply wrong.

As a remedy, however, the Court would quash service but not dismiss the complaint as requested by defendant, because no showing is made that plaintiff would be unlikely to effect proper service under the Hague Convention. *See* 5A Wright and Miller Federal Practice and Procedure: Civil 2d § 1354; *see also* Service of Process Abroad, 122 F.R.D. 63, 76 n. 72 (1988).