620 A.2d 666

**DELAWARE COUNTY, Successor in Interest to Delaware County Institutional District, Tinicum Township, and Interboro School District, Successor in Interest to Tinicum Township School Board, Appellants,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Jan. 29, 1993.

168

Thomas L. Kelly, for appellants.

Paul M. Hummer, for appellee.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Delaware County, Tinicum Township, and Interboro School District (collectively, Defendants) appeal three companion orders of the Court of Common Pleas of Philadelphia County (trial court) overruling Defendants' preliminary objections to a

complaint in equity filed by the City of Philadelphia (City).[1] We reverse and dismiss the City's complaint.

The dispute underlying this appeal concerns Defendants' taxation of real property at the Philadelphia International Airport (Airport). The City owns and operates the Airport, which is located partly in Philadelphia County and partly in Delaware County. In 1991, the Delaware County Board of Assessment Appeals (Board) assessed that portion of Air Terminal "A" (Terminal) located in Delaware County for $1,160,000. In addition, the Board continues to assess the United Airlines Inflight Kitchen Building (Kitchen Building) located in Delaware County, which was demolished in 1989.

The City filed a tax assessment appeal with the Board as to the Terminal only, claiming the Terminal was exempt from all real estate taxation by virtue of a 1966 agreement between the City and Defendants (or their predecessors). In the alternative, the City claimed the assessment was excessive. Following the Board's decision, which denied the claimed exemption and reduced the assessment to $1,090,000, the City appealed to the Court of Common Pleas of Delaware County.

The same day the appeal was filed, the City filed the present action in the trial court against Defendants, seeking declaratory and injunctive relief from the assessment and collection of real estate taxes on the Terminal and the Kitchen Building. The Defendants filed preliminary objections averring that the trial court lacked subject matter jurisdiction and that venue was improper.

With respect to subject matter jurisdiction, the trial court concluded that Section 753(b) of the Administrative Agency Law, 2 Pa.C.S. § 753(b), permitted the City to pursue an equitable remedy in the trial court simultaneously with its appeal to the Court of Common Pleas of Delaware County.[2]

1. By order of this court dated March 27, 1992, Senior Judge Blatt permitted this interlocutory appeal. Proceedings in the trial court were stayed pending this appeal.

2. Section 753(b) states, "[t]he remedy at law provided by subsection (a) shall not in any manner impair the right to equitable relief heretofore

The trial court held that it had jurisdiction over the action concerning the Kitchen Building since the Board made "a final determination which enabled the City to appropriately pursue the present collateral action in equity." [3]   With respect to venue, the trial court concluded that Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. § 20043, mandated that the action be heard in Philadelphia County.[4]   On appeal to this court,[5] Defendants challenge these conclusions, and seek a dismissal of the City's complaint or a transfer to the Court of Common Pleas of Delaware County.

The following issues are presented on appeal: 1) whether the trial court has subject matter jurisdiction over the assessment and collection of real estate taxes on property located in Delaware County; and 2) whether the trial court is the proper venue for bringing this action.

To determine whether a court has subject matter jurisdiction, consideration must be given to "whether the court

existing, and such right to equitable relief is hereby continued, notwithstanding the provisions of subsection (a)."

3.  The trial court based its conclusion on a December 1989 letter from the Board to the City which stated:
    RE: United Airlines Inflight Kitchen ... The above assessment is covered by an agreement ... dated April 20, 1966 ... It is the [Board's] decision that it is not empowered to adjust any assessments covered by this contract. Any adjustment to assessments covered by this contract has to be made by the parties signatory to the contract.

4.  Section 333 states, in pertinent part:
    [a]ctions under Subchapter C of Chapter 85 (relating to actions against local parties) of Title 42 of the Pennsylvania Consolidated Statutes for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

5.  Our scope of review of a trial court's order overruling preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *See Dickens v. Upper Chichester Township*, 123 Pa.Commonwealth Ct. 226, 553 A.2d 510 (1989), *rev'd on other grounds sub nom. Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992); *Department of Labor and Industry, Office of Vocational Rehabilitation v. Pennsylvania Human Relations Commission*, 118 Pa.Commonwealth Ct. 163, 545 A.2d 412 (1988).

has power to enter upon the inquiry." *Vespaziani v. Department of Revenue,* 40 Pa.Commonwealth Ct. 54, 58, 396 A.2d 489, 491 (1979). Contrary to the City's assertion that Defendants waived the jurisdiction issue by raising it on appeal in a manner inconsistent with that raised below, lack of subject matter jurisdiction cannot be waived and a court may raise the issue *sua sponte. Civil Service Commission of the Borough of Jim Thorpe v. Kuhn,* 85 Pa.Commonwealth Ct. 85, 480 A.2d 1327 (1984).

■ We conclude that the trial court has misapplied Section 753(b). In its entirety, Section 753 states:

**Scope of Review**

**(a) General rule.**—*A party who proceeded before a local agency under the terms of a particular statute,* home rule charter, or local ordinance or resolution *shall not be precluded from questioning the validity of the statute,* home rule charter or local ordinance or resolution in the appeal, but if a full and complete record of the proceedings before the agency was made such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

**(b) Equitable relief.**—*The remedy at law provided by subsection (a)* shall not in any manner impair the right to equitable relief *heretofore existing,* and such right to equitable relief is hereby continued, notwithstanding the provisions of subsection (a).

(Emphasis added.)

When subsection (b) is read in conjunction with subsection (a), to which it specifically refers, it becomes clear that Section 753 merely allows a party who proceeded before a local agency under the terms of a particular statute the ability to raise *the validity of that statute* in an appeal or in a separate equitable action. *See Arsenal Coal Company v. Department of Environmental Resources,* 505 Pa. 198, 477 A.2d 1333 (1984) (interpreting Section 703(b) of the Administrative Agency Law, 2 Pa.C.S. § 703(b), which governs appeals from Commonwealth

agencies and contains language identical to that found in Section 753(b)). Nothing in Section 753 indicates that a party may collaterally attack, in another county no less, the merits of a tax assessment. As such, Section 753(b) does not confer jurisdiction upon the trial court.

Thus, the City's exclusive statutory remedy was to appeal to the Court of Common Pleas of Delaware County. As such, the trial court has no "power to enter upon the inquiry", and lacks subject matter jurisdiction as to the Terminal.

As to the Kitchen Building, "[i]f no appeal is taken from the assessment of taxes within the time allowed by law it becomes binding and conclusive ... neither the common pleas nor an appellate court can afford any relief ... This ... constitutes a limitation of subject matter jurisdiction." *Petition of Mausoleum Construction Company,* 55 Pa.Commonwealth Ct. 504, 508, 423 A.2d 809, 811 (1980) (citation omitted). Even if the December 1989 letter from the Board constituted "a final determination", the City's exclusive statutory remedy, as stated above, was to appeal such determination to the Court of Common Pleas of Delaware County.

Accordingly, we reverse and dismiss the City's complaint for lack of subject matter jurisdiction.[6]

### ORDER

AND NOW, January 29, 1993, the three companion orders of the Court of Common Pleas of Philadelphia County in the above-captioned matter are reversed and the complaint is dismissed.

---

**6.** Our resolution of this issue makes unnecessary consideration of the venue issue.