**Denise JORDAN, as Administratrix of the Estate of Derrick Jordan, a minor,**

v.

**SEPTA, City of Philadelphia, Kawasaki Heavy Industries, Ltd., and Kawasaki Motors Corp., U.S.A.**

**Appeal of KAWASAKI HEAVY INDUSTRIES, LTD., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1998.

Decided March 13, 1998.

Anne M. Manero, Philadelphia, for appellant.

Gregory L. Schell, Philadelphia, for appellee, Denise Jordan.

Before SMITH and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

We granted the petition for review of Kawasaki Heavy Industries, Ltd. (Kawasaki) to

---

entertain its appeal of interlocutory orders of the Court of Common Pleas of Philadelphia County (trial court). The first order effectively overruled Kawasaki's preliminary objections requesting the dismissal of the action filed against it by Denise Jordan, as Administratrix of the Estate of Derrick Jordan, a minor (Plaintiff) because of improper service in accordance with international agreement.[1] The second order denied Kawasaki's request for reconsideration. We affirm.

The trial court set forth the factual background as follows:

On March 4, 1995, Derrick Jordan, a minor child was fatally injured at the Broad and Tasker Streets subway station of the Broad Street subway line while attempting to board the subway. Derrick Jordan sustained injury to his body, limbs and head which resulted in grave brain injuries. He died on March 6, 1995 and is survived by his mother and father.

Plaintiff, Denise Jordan was appointed Administratrix of Decedent's Estate by the Register of Wills of Philadelphia County on January 7, 1997.

On January 22, 1997, Plaintiff filed a Complaint in this action seeking recovery for personal injuries sustained in the subway accident occurring on March 4, 1995. Plaintiff named Septa, the City of Philadelphia, and Kawasaki Heavy Industries, Ltd. as Defendants.

Plaintiff served Defendant (hereinafter, "Kawasaki") with process by mailing a writ of summons via United States First Class Certified Mail to Kawasaki Heavy Industries, Ltd.[,] 1–18 Nakamachi–Oori–2–Chrome, Chud–Ku, Kobe, Hyogo 650, Japan. On February 21, 1997, Plaintiff again served Kawasaki with process by mailing the Complaint to the above-mentioned address. (Kawasaki is a Japanese corporation organized and operating under the laws of Japan.)

On April 9, 1997, Defendant filed preliminary objections pursuant to Pa. R.C.P. 1028(a)(1) and (2) for improper form of service and non-conformity with the law or rule of court. The Preliminary Objection has been overruled by this Court.

Trail Court Opinion, pp. 1–2. Plaintiff alleged in her complaint that Kawasaki was liable as the designer, manufacturer, and seller of the subway cars involved in the accident injuring Plaintiff's decedent.

The basis for Kawasaki's preliminary objections was that Plaintiff's service of a complaint in English by mail upon a Japanese corporation was not in accordance with Rule 404(4) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 404(4) and "The Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters," 20 U.S.T. 361, Fed. R.Civ.P. 4, Note, commonly known as the Hague Convention. Rule 404(4) provides that original service of process served outside the Commonwealth shall be effected within ninety days of the issuance of the writ or the filing of the complaint in the manner provided by treaty. The Hague Convention governs the manner in which process should be served upon Kawasaki.

Kawasaki argued that Articles 2 through 5 of the Hague Convention prohibited service upon Japanese defendants directly by mail, but instead required service by delivery of a translated complaint upon Japan's designated "Central Authority" as defined in the Hague Convention. The trial court, however, concluded that Kawasaki was properly served by mail pursuant to the terms of Article 10(a) of the Hague Convention as interpreted by the Pennsylvania Superior Court in *Sandoval v. Honda Motor Co.,* 364 Pa.Super. 136, 527 A.2d 564 (1987). Accordingly, the trial court denied Kawasaki's request for relief and this appeal by leave of Court followed.

 This Court's scope of review of a trial court's order overruling preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Delaware County v. City of Philadelphia,* 153 Pa.Cmwlth. 167, 620 A.2d 666 (1993). Kawasaki renews before this Court the argument raised before the trial court, that plaintiff's service upon it

---

1. This order directed Plaintiff to comply with other relief requested by Kawasaki in its preliminary objections but did not specifically rule upon the request to dismiss the complaint.

was improper in accordance with the Hague Convention. Kawasaki also argues that it is now too late for Plaintiff to effect proper service as the statute of limitations has run.

The Hague Convention has spawned two lines of cases in courts of the United States that have come to conflicting interpretations regarding service upon Japanese defendants. One line of cases takes the position Kawasaki urges this Court to adopt, namely that Articles 2 through 5 of the Hague Convention require that service upon a Japanese corporation be made by serving a Japanese-translated complaint upon Japan's designated Central Authority, the Japanese Minister for Foreign Affairs, who in turn would forward the complaint to the defendant. *See Golub v. Isuzu Motors*, 924 F.Supp. 324 (D.Mass. 1996); *Soupart v. Houei Kogyo Co.*, 770 F.Supp. 282 (W.D.Pa.1991); *McClenon v. Nissan Motor Corp.*, 726 F.Supp. 822 (N.D.Fla.1989). The other line of cases takes the position that a Japanese defendant may be served by mail pursuant to Article 10(a) of the Hague Convention. *Sandoval* is one such case.

The Superior Court in *Sandoval* clearly, and we believe persuasively, sets forth the analysis that supports the determination that a Japanese defendant may be served by mail:

The Hague Convention has been ratified by over twenty countries, including the United States and Japan. It provides for several alternative means of service of process. The section of central importance to this action is as follows:

· Article X of the Convention states: Provided the state of designation does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials, or other competent persons of the state of designation,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through judicial officers, officials or other competent persons of the State of designation.

Japan has declared that it objects to the methods of service specified in 10(b) and (c). Because Japan has not objected to Article 10(a), that section provides a permissible means of service upon Japanese corporations. *See Shoei Kako v. Superior Court*, 33 Cal.App.3d 808, 109 Cal.Rptr. 402 (1973); *Weight v. Kawasaki*, 597 F.Supp. 1082 (E.D.Va.1984); *Chrysler Corp. v. General Motors Corp.*, 589 F.Supp. 1182 (D.D.C.1984); Ristau, *Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, 112 (1984).

. . . . .

It has been argued that Article 10(a) does not apply to the 'service' of judicial documents because it uses the term, 'send' instead of the word, 'service.' However, it has been documented that the drafters meant 'service' and the discrepancy resulted from careless drafting. Ristau, *Handbook, supra.* At 165–67; *Shoei Kako*, 33 Cal.App.3d at 821–22, 109 Cal.Rptr. at 411–12. As the *Shoei Kako* court stated:

The reference to the freedom to 'send judicial documents by postal channels, directly to persons abroad['] would be superfluous unless it was related to the sending of such documents for the purpose of service.

That is so because the mails are open to everyone. Persons do not need an international convention on the service of judicial documents to give them the right to 'send' mail.

*Id.,* 527 A.2d at 566. *Sandoval* also held that service pursuant to Article 10 does not require that the complaint be translated from the English. *Id.,* 527 A.2d at 567.[2]

---

**2.** Article 5 of the Hague Convention provides that the Central Authority designated by a State "may" require that a judicial document be translated into the official language(s) of that State. The *Sandoval* court determined that this provision is inapplicable to service under Article 10

Kawasaki argues simply that *Sandoval* is incorrect, that it is not binding precedent on this Court, and that this Court is free to adopt reasoning that we might find more persuasive. *See Commonwealth v. Harris,* 423 Pa.Super. 190, 620 A.2d 1175, *petition for allowance of appeal denied,* 535 Pa. 667, 634 A.2d 1115 (1993). Kawasaki directs us to the reasoning in *Golub, Soupart,* and *McClenon.* That reasoning criticizes the interpretation of Article 10(a) by *Sandoval* and similar decisions as follows. First it reasons that the interpretation of the word "send" in Article 10(a) to include "service" is inconsistent with the plain meaning of the treaty. This is largely because the word "service" is used throughout the treaty and specifically in subsections (b) and (c) of Article 10 but not in subsection (a). Further, the reasoning goes, it would be illogical for the drafters to establish involved procedures elsewhere in the treaty for service of process upon a Central Authority and then to permit service by mail in another part of the treaty. The reasoning also states that it would be illogical that Japan would object to subsections (b) and (c) of Article 10 and not object to subsection (a), which is characterized as a more "intrusive" or "informal" provision than those of subsections (b) and (c), if subsection (a) was to be interpreted to permit service by mail. Finally, service within Japan itself is accomplished through a court clerk, not by mail. *See Golub; McClenon.*

We do not, however, find this reasoning more persuasive than that articulated by the Superior Court in *Sandoval* and those courts in accord with *Sandoval.* First, there is nothing illogical for a treaty to provide for alternative methods of service, and Article 10 does so provide by its plain language. It is therefore not illogical for the Hague Convention to provide for direct service by mail when it has also developed a process for service upon a designated Central Authority. *See, e.g.,* Section 5323 of Pennsylvania's long-arm statute, 42 Pa.C.S. § 5323, which provides for service upon persons outside of the Commonwealth by a number of methods, including service by "any form of mail addressed to the person to be served and re-

quiring a signed receipt." 42 Pa.C.S. § 5323(a)(3).

Second, we note that much of Kawasaki's argument, as well as that of the cases it cites for support, focuses upon Japan's "intent" in not objecting to Article 10(a), thus bringing the argument beyond the language of the Hague Convention itself. This argument assumes that Japan intended that service from abroad upon its citizens could only be by the most "restrictive" or "formal" means possible under the Convention. We have no basis to leap to this conclusion, or to discount the possibility that Japan may have had reasons of its own for not objecting to Article 10(a) and permitting service by mail. Further, Kawasaki has advanced no argument that would seriously support our discounting the Superior Court's documentation that the drafters of the Hague Convention intended Article 10(a) to include service by mail in favor of a presumed Japanese "intent" or understanding that Article 10(a) did not refer to service of judicial documents.

Accordingly, we adopt the reasoning that we find persuasive: the reasoning articulated by our Superior Court in *Sandoval.* Plaintiff has made service upon Kawasaki in accordance with the provisions of Pa. R.C.P. No. 404(4) and the Hague Convention. The trial court is therefore affirmed.

### ORDER

AND NOW, this 13th day of March, 1998, the orders of the Court of Common Pleas of Philadelphia County in the above-captioned matter, dated June 2, 1997 and May 19, 1997, are hereby affirmed; and this case is remanded to the Court of Common Pleas of Philadelphia County for further proceedings.

Jurisdiction relinquished.

because Article 10 does not involve service upon a Central Authority.