# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Fenati,                                  :
                        Petitioner                   :
                                                     :
          v.                                         :    No. 56 M.D. 2017
                                                     :    Submitted:  September 22, 2017
Pennsylvania Department of                           :
Corrections,                                         :
                        Respondent                   :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                 **FILED:  November 21, 2017**

Before the Court in our original jurisdiction are the Preliminary Objections filed by the Department of Corrections (Department) to the Petition for Review (Petition) filed by Christopher Fenati (Petitioner).  We sustain the Department's Preliminary Objections and dismiss Petitioner's Petition.

According to the Petition, Petitioner, an inmate at the State Correctional Institute at Albion (SCI-Albion), asserted that SCI-Albion's mailroom issued him a notification form, informing him that 34 photographs were being withheld from him because the photographs violated Section 3.E.3 of Department Policy DC-ADM 803, currently promulgated and codified at 37 Pa. Code § 93.2(g)(3)(iv), which prohibits inmates from possessing publications containing "nudity."  After receiving

the initial notification that the photographs were being withheld, Petitioner initiated the Department's internal grievance procedure in accordance with Section 3.E.4.a.1 of Department Policy DC-ADM 803. In his grievance, Petitioner averred that the photographs did not meet the Department's definition of "nudity," as defined by DC-ADM 803,[1] and, therefore, SCI-Albion did not have a right to confiscate the photographs. Petitioner also asserted that the photographs did not contain "explicit sexual material," as defined by DC-ADM 803,[2] because after initial review of the photographs, the Department added, as another reason for withholding the photographs, that they depict explicit sexual material. SCI-Albion's Superintendent

_____

[1] DC-ADM 803 defines "nudity" as follows:

The showing of the human male or female genitals, pubic area or buttocks with less than a fully opaque covering or the showing of the female breast with less than a fully opaque covering of any portion below the top of the nipple, or the depiction of covered male genitals in a discernible turgid state.

DC-ADM 803, codified at 37 Pa. Code § 93.2(i).

[2] DC-ADM 803 defines "explicit sexual material" as follows:

Any book, photograph, pamphlet, magazine, printed matter, sound recording, explicit and detailed verbal description, narrative account or other material of the following:

(i) Sexual conduct, which means acts of masturbation, homosexuality, sexual intercourse, sexual bestiality or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks or, if the person is a female, breast.

(ii) Sadomasochistic abuse, which means flagellation or torture by or upon a person clad in undergarments, a mask or bizarre costume, or the condition of being fettered, bound or otherwise physically restrained on the part of one so clothed.

(iii) Sexual excitement, which means the condition of the human male or female genitals when in a state of sexual stimulation or arousal.

DC-ADM 803, codified at 37 Pa. Code § 93.2(i).

denied Petitioner's grievance, finding that the photographs were "explicit and contain nudity." (Petition ¶ 7, Ex. C.) Petitioner filed an appeal with the Secretary's Office of Inmate Grievances and Appeals, arguing that it was error to withhold the photographs and for the Superintendent to add another reason for the denial. The Department's Chief Grievance Officer denied Petitioner's final grievance appeal after the Office of Policy, Grants, and Legislative Affairs indicated that its findings concurred with the initial reasons given for the denial. (*Id.* ¶ 9, Ex. E.)

Petitioner then filed his Petition against the Department, alleging that the Department violated its own policy established in DC-ADM 803 and his First Amendment right to receive and possess non-nude, non-sexually explicit photographs when it refused to release the 34 photographs to him. Petitioner alleges that, contrary to the Department's conclusion, the photographs do not contain nudity or explicit sexual material because, at most, the photographs display "implicit sexual material" similar to that displayed in numerous television shows and movies. (*Id.* ¶ 13.)

Further, Petitioner avers that the Department denied him procedural due process when the Department did not permit him to view the photographs during the administrative review process. Additionally, Petitioner contends that his procedural due process rights were violated because the Department substituted its own "individualized benchmarks of morality," and instead used an inconsistent and arbitrary standard, to withhold photographs that do not display "nudity" or "explicit sexual material." (*Id.* ¶ 20.) Petitioner describes the denial of photographs to other prisoners at SCI-Albion to demonstrate further his claim that the standard of review that the mailroom employees at SCI-Albion apply has been inconsistent and arbitrary. As relief, Petitioner seeks, among other things, to view the photographs

so that Petitioner can present oral argument to support retention of the photographs and to have all non-nude and non-sexually explicit photographs released to him.

Thereafter, the Department filed Preliminary Objections in the nature of a demurrer. The Department argues that Petitioner's First Amendment claim should be dismissed because he has no First Amendment right to possess either pornography or material containing nudity while incarcerated. The Department further asserts that the Department's policy prohibiting pornography and nude material, with limited exceptions, is "reasonably related to legitimate penological interests and is not an exaggerated response to those objectives." (Preliminary Objections at ¶ 11 (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987)).) The Department contends that Petitioner has not alleged specific facts necessary to disprove the penological interests asserted by the Department in denying access to pornography and nude material. As for Petitioner's due process claim, according to the Department, because he has no underlying right to possess pornography or nude material, Petitioner is entitled only to the due process provided by the Department's established policy for inmates challenging publication denials. Finally, the Department argues that it is well settled that the Department's policies do not create enforceable rights; therefore, Petitioner's claim that his rights were violated by the Department's deviation from its policy lacks merit.

Petitioner filed an Answer to the Department's Preliminary Objections. The parties then filed their respective briefs in support and in opposition to the Department's Preliminary Objections. The matter is now ripe for our disposition.

In ruling on preliminary objections in the nature of a demurrer, we will sustain the objections only if the face of the petition shows, without a doubt, that the law does not permit recovery. *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 592 (Pa.

4

Cmwlth. 2006). Any doubts regarding whether the face of the petition would permit a recovery should be resolved against sustaining the preliminary objections. *Id.* In evaluating the petition, we must accept as true all well-pled factual allegations in the petition and any inferences that can reasonably be deduced from the allegations in the petition. *Id.* However, we will not consider any conclusions of law or unjustified inferences that are stated within the petition. *Id.*

Recently, we issued two opinions that addressed nearly identical facts to Petitioner's current situation where prisoners claimed that SCI-Albion mailroom employees violated their procedural due process and First Amendment rights by withholding access to photographs that the petitioners claimed were non-nude and not in violation of Department policy. *See Shore v. Pa. Dep't of Corr.*, 168 A.3d 374 (Pa. Cmwlth. 2017); *Xavier v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 331 M.D. 2016, filed Feb. 8, 2017),[3] *aff'd by* (Pa., No. 14 MAP 2017, filed Oct. 18, 2017). In both decisions, we held that reviewing the decision of the Department's Chief Grievance Officer regarding whether photographs depict nudity does not fall within this Court's original or appellate jurisdiction for purposes of Petitioner's First Amendment claim. *Shore*, 168 A.3d at 382; *Xavier*, slip. op. at 4. Although the Department does not argue in its Preliminary Objections that the Court lacks jurisdiction, "lack of subject matter jurisdiction cannot be waived and a court may raise the issue *sua sponte*." *Del. Cty. v. City of Phila.*, 620 A.2d 666, 667 (Pa. Cmwlth. 1993). Petitioner attempts to invoke our original jurisdiction here; however, "[u]nless 'an inmate can identify a personal or property interest . . . not limited by Department [of Corrections] regulations and which has been affected by

---

[3] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion filed after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

5

a final decision of the [D]epartment[,]'" this Court does not have original jurisdiction over matters involving internal prison proceedings. *Bronson v. Cent. Office Review Comm.*, 721 A.2d 357, 359 (Pa. 1998) (alterations in original); *see also Xavier*, slip op. at 4 (quoting same). Because DC-ADM 803 "curtails any property interest that [Petitioner] may have in the photographs," Petitioner's claim does not properly invoke our original jurisdiction. *Shore*, 168 A.3d at 382. We also lack appellate jurisdiction to entertain Petitioner's dispute regarding the Department's application of its policy to the denial of Petitioner's photographs. *See id.*; *see also Bronson*, 721 A.2d at 358 ("Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances . . . are a matter of internal prison administration . . . .").

Further, concerning Petitioner's procedural due process claim, the Department's grievance procedure provides him with a constitutionally adequate method to challenge publication denials. *See Shore*, 168 A.3d at 383-84 ("[T]his Court has concluded that the Department's grievance procedure in DC-ADM 804 is a constitutionally sufficient remedy with respect to inmates' claims that the Department unlawfully withheld and/or confiscated personal property."). Petitioner's claim that he should have been permitted to view the photographs is a claim that he could have raised through the grievance procedure. *See id.* Further, Petitioner can only speculate on whether the Department would have permitted Petitioner to view the photographs, but cannot determine the Department's decision on this issue with certainty because Petitioner never asked to view the photographs during the grievance process. Because the Department's grievance procedure

afforded Petitioner sufficient procedural due process protections, his due process claim is meritless.

Accordingly, we sustain the objections of the Department and dismiss Petitioner's Petition, with prejudice.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Fenati,                         :
                    Petitioner             :
                                           :
            v.                             :        No. 56 M.D. 2017
                                           :
Pennsylvania Department of                 :
Corrections,                               :
                    Respondent             :

# **O R D E R**

    **NOW**, November 21, 2017, the Preliminary Objections filed by the Department of Corrections to the Petition for Review (Petition) filed by Christopher Fenati in this Court's original jurisdiction are **SUSTAINED**, and the Petition is **DISMISSED**, with prejudice.

 

                                                 _____

                                                 **RENÉE COHN JUBELIRER,** Judge